MASLEN *v.* ANDERSON.

1. EQUITY—DIVORCE—JURISDICTION.

   The jurisdiction of the circuit court, in chancery, in divorce proceedings, is strictly statutory, and the court has no inherent power to decree permanent alimony.

2. SAME—STATUTES—LIEN FOR ALIMONY—MINOR CHILDREN.

   While the statutes give the court authority to grant alimony to the wife for the support of herself and minor children, and to create a lien against the husband's property to secure its payment, they confer no power to decree the payment of any sum to the children on their reaching majority, or even during minority, or to create a lien to secure the payment of such award.

3. SAME—HUSBAND AND WIFE—DIVORCE.

   In such special proceedings as divorce and partition, the courts must be considered as of limited and special jurisdiction, concerning which no such presumption is indulged as prevails in actions at common law or suits under the general equitable jurisdiction.

4. SAME—JURISDICTION—CONSENT.

   Parties cannot confer jurisdiction over a subject matter, by consent, upon a tribunal from which the law has withheld it.

5. SAME—DIVORCE—ALIMONY—SUPPORT OF CHILDREN.

   A decree, entered by consent of the defendant in divorce proceedings, providing for the payment of a stipulated sum to the wife's mother, and certain sums in a lump to the children at their majority, and creating a lien on real estate to secure the payment of the same, exceeds the jurisdiction of the court, and such provisions are void and cannot operate as a family settlement.

Appeal from Wayne; Murphy, J. Submitted October 14, 1910. (Docket No. 67.) Decided December 7, 1910.

Bill by Frank A. Maslen, executor of the estate of Andrew Anderson, deceased, to remove a cloud from the title to real property. From a decree for defendants, complainant appeals. Reversed.

*William C. Stuart* (*C. K. Latham*, of counsel), for complainant.

*Wilkinson, Post & Oxtoby*, for defendants.

STONE, J.   The complainant is the executor of the last will and testament of Andrew Anderson, deceased, who died in the city of Windsor, Province of Ontario, on the 10th day of July, 1905.   The bill herein was filed to remove an alleged cloud upon the title to real estate, created by the terms of a certain decree of divorce hereinafter referred to.

The defendants are Louisa A. Anderson, the divorced wife of said Andrew Anderson, their children Ida Anderson, Stella Anderson, George A. Anderson, and Lillian Anderson, and the mother of said Louisa A. Anderson, namely, Louise Gassman.   On the 11th day of May, 1898, the defendant Louisa A. Anderson filed in the circuit court for the county of Wayne, in chancery, a bill for divorce against her husband, Andrew Anderson; both parties being at that time residents of the city of Detroit.   There was personal service of a subpœna upon the defendant therein.   The underwriting of the subpœna advised him that " a personal decree is sought against the defendant for alimony, and this bill is filed to reach interests in property."   Andrew Anderson did not enter his appearance in the cause, and the bill was duly taken as confessed.   Proofs having been taken before a commissioner, the case came on for a hearing before the circuit judge.   The decree was signed and entered September 17, 1898.   It granted a divorce from the bonds of matrimony as prayed for, and gave the care and custody of the four children, all of whom were then minors, to the complainant therein.   The other terms of the said decree are as follows:

" (3) As alimony, in addition to certain property, the same consisting of all household goods of said parties, a house and lot on Harsen's Island, a house and lot on Wabash avenue and a house and lot on Hudson avenue

in the city of Detroit (each of said last two lots being encumbered by a mortgage) transferred and conveyed by the said defendant to the said complainant, he, the said defendant, Andrew Anderson, shall pay to the said complainant, the said Louisa A. Anderson, monthly in advance the sum of $90.00 for which the said Louisa A. Anderson shall provide for the entire support, maintenance and education, in all particulars, of, and for herself and the four children of said parties above mentioned and named. Provided, however, as each or any of said children depart from and leave the home of said complainant, or are not provided for, maintained and supported by her at home, or as any or each arrives at the age of majority, then, and in that event, the sum of $10.00 per month, for each child not maintained and supported by complainant at her home, shall be deducted from the monthly payments to be made to complainant as aforesaid; and, provided, further, that all earnings of each or any of said children by reason of employment not exceeding $10.00 per month, shall be applied on the monthly payments; and, provided, further, that the monthly payments to the said complainant shall at no time be less than the sum of $65.00 per month; and, provided, further, the said monthly payments as aforesaid shall continue during the life of said complainant, but in the event of her remarriage, the same shall cease.

"And further, if complainant shall provide for and maintain Mrs. Gassman, at her, complainant's, home, the defendant shall pay complainant the sum of $10.00 each month during the continuance thereof.

"(4) As a security for the payment of the alimony hereinbefore provided for, the same is decreed to be, and constitute a lien upon all the property the defendant may at any time possess; no lien shall, however, be created or attach on any such property except in the event of the neglect and failure of the said defendant to pay the alimony as hereinbefore provided; and further, in the event of the death of said defendant, the said alimony herein provided to be paid, shall be, and constitute a lien upon the property of the estate of said defendant, and subject to the provisions herein provided.

"(5) In pursuance of, and at the suggestion, upon the question of alimony made by the defendant, and to be incorporated in this decree, at his, the defendant's, suggestion, he, the said defendant, having agreed to pay to each

of said children, as each arrives at the age of majority, the sum of $5,000.00 each, provided, in his, the said defendant's, judgment his means and property will permit of his doing so, such judgment or payment, however, are dependent, whether to be made or not made, solely upon the judgment, decision, and determination of him, the said defendant; provided, however, in the event of the death of said defendant, such sum shall be, and the same shall constitute a lien upon the property of his estate, and to be paid to each of said children, out of the property of, and belonging to, his, the defendant's, estate."

At the time of the death of Andrew Anderson all of the children aforesaid had reached the age of 21 years, except Stella. After the granting of the decree of divorce, Andrew Anderson paid to Louisa A. Anderson, monthly, the amount provided for in said decree to be paid to her as alimony, and for the support of the minor children, but we are unable to state from the record whether or not the $10 a month, provided to be paid for the support of Mrs. Gassman, was paid during the lifetime of Andrew Anderson. Andrew Anderson married again, some time after the granting of the decree of divorce, and subsequently removed to the city of Windsor. His second wife and one child, the fruit of said second marriage, survive him.

It is the claim of the complainant, and the evidence shows, that there is not sufficient property belonging to his estate, within the State of Michigan, to pay the debts contracted by Anderson in this State, and allowed by the commissioners on claims; hence this suit. An examination of the record satisfies us that Andrew Anderson had knowledge of, and orally consented to, the terms of the decree, and that it was entered with the consent of both parties to the original case.

The bill of complaint in the divorce case alleged acts of extreme cruelty by the defendant therein, prayed for a decree of divorce from the bonds of matrimony, and that the complainant might be decreed and allowed such sum as temporary and permanent alimony as she might be equitably entitled to, and that the same might be

secured, and decreed to be paid to her, and concluded with a prayer for general relief.

Said divorce decree is attacked by complainant upon numerous grounds, some of which we shall not find it necessary to discuss. Upon the hearing of this case in the circuit court, the complainant's bill of complaint was dismissed, and relief was granted to the defendants upon their cross-bill, and the divorce decree aforesaid was in all things sustained as a valid consent decree. The complainant has appealed.

We are satisfied with the decree of the court below, in so far as it deals with the subject of alimony to be paid to Louisa A. Anderson, except that part thereof which relates to the maintenance of Mrs. Gassman. So much of the said divorce decree as provides for the maintenance or support of Mrs. Gassman, and the entire fifth clause of said decree, we are of opinion cannot be sustained, and must be held to be invalid, for the reason that the court had no jurisdiction to make such order, or create such lien, even by the oral consent of said Andrew Anderson.

The jurisdiction of the circuit courts in chancery, in this State, in divorce proceedings, is strictly statutory. *Perkins* v. *Perkins*, 16 Mich. 162; *Baugh* v. *Baugh*, 37 Mich. 59 (26 Am. Rep. 495); *Peck* v. *Peck*, 66 Mich. 586 (33 N. W. 893); *Peck* v. *Uhl*, 66 Mich. 592 (33 N. W. 893). Such courts have no inherent power as courts of equity to decree permanent alimony at all. *Perkins* v. *Perkins, supra,* citing *Peltier* v. *Peltier,* Har. Ch. 19. Our statutes give the court power to grant alimony to the wife for the support of herself and minor children, and to give a lien against the property of the husband to secure the payment of the same; but they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof. In fact, our courts of chancery in divorce cases have no power to decree that any sum be

163 MICH.—81.

paid direct to the children, even during their minority. *Swiney* v. *Swiney*, 107 Mich. 459 (65 N. W. 287).

We are satisfied that in divorce proceedings our circuit courts in chancery are courts of limited and special jurisdiction; that they do not proceed according to the course of the common law, and are confined to the authority conferred upon them by statute. The language of Justice CHRISTIANCY in *Platt* v. *Stewart*, 10 Mich., at page 265, in speaking of partition suits, is equally applicable here:

" These proceedings in partition, at least as to nonresident defendants, do not come within the general or ordinary jurisdiction of courts of chancery, but the jurisdiction as to such proceedings is special and limited, and entirely dependent upon the statute. The circuit courts in chancery, though in ordinary cases of equity cognizance courts of general jurisdiction, must, we think, as to these special proceedings, be considered as courts of special and limited jurisdiction, and no presumption of jurisdiction should be indulged as in suits at common law, or ordinary suits in equity, in courts of general jurisdiction. All the necessary facts to confer jurisdiction must therefore affirmatively appear upon the record "—citing many cases in other States.

*Merrill* v. *Montgomery*, 25 Mich. 73; *Weimer* v. *Bunbury*, 30 Mich. 201, 219. A score of cases in this court could be cited in support of this doctrine. See note in *Wight* v. *Warner*, 1 Doug. 384.

It is a recognized doctrine that parties cannot confer jurisdiction over a subject-matter by their consent, upon courts from which the law has withheld it. *Kirkwood* v. *Hoxie*, 95 Mich. 62, 66 (54 N. W. 720, 35 Am. St. Rep. 549); *Brown* v. *Fletcher's Estate*, 146 Mich. 401, 415 (109 N. W. 686); Brown on Jurisdiction, pp. 28, 29; 11 Cyc. 693, and note. The doctrine is well stated in Brown on Jurisdiction, at page 17, in the following language:

" If a court or tribunal pronounces a judgment it has no authority to grant, or one outside of the issues made and before the court for determination, then such judgment in excess of the power conferred, is void as to such excess of its powers."

Many cases are cited.

"If the jurisdiction of the court is derived from statutory authority, in a proceeding not in accordance with the ordinary proceedings of the common law, or the established usages of equity, then, in such cases, the rule is the more strict, and the facts conferring jurisdiction must appear of record." *Id.* 19.

"A court of general jurisdiction may have special and summary powers, wholly derived from statute, not exercised according to the course of the common law, and which does not belong to it, as a court of general jurisdiction, and in such cases its decisions must be regarded and treated like those of courts of limited and special jurisdiction. * * * The decided weight of authority supports the rule that judgments arising from the exercise of special powers conferred by statute are to be supported by no other presumptions, and regarded in the same light as judgments pronounced in courts not of record; the particular facts conferring jurisdiction must appear of record, and if such facts do not appear, the judgment will be treated as void." *Id.* 19, note 1.

The judgment rendered by a court must be such a one as it is authorized to render in the proceedings before it, or it will be *coram non judice. Id.* 133. So parts of a decree may be held void when the court exceeds its jurisdiction. *Munday* v. *Vail,* 34 N. J. Law, 418.

The last-named case holds that a decree in equity which is entirely aside of the issue raised in the record is invalid, and will be treated as a nullity, even in a collateral proceeding. In that case the court used the following language:

"It is impossible to concede that because A. and B. are parties to a suit that a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over these particular interests which they choose to draw in question that a power of judicial decision arises. If, in any ordinary foreclosure case, a man and his wife being parties, the court of chancery should decree a divorce between them, it would require no argument to convince every

one that such decree, so far as it attempted to affect the matrimonial relation, was void; and yet the only infirmity in such a decree would be found, upon analysis, to arise from the circumstance that the point decided was not within the substance of the pending litigation.   In such a case the court would have acted within the field of its authority, and the proper parties would have been present; the single but vital flaw having been the absence from the record of any issue on the point determined. The invalidity of such a decree does not proceed from any mere arbitrary rule, but it rests entirely on the ground of common justice."

See *Reynolds* v. *Stockton*, 43 N. J. Eq. 211 (10 Atl. 385, 3 Am. St. Rep. 305).   To the same effect, see *Spoors* v. *Coen*, 44 Ohio. St. 497 (9 N. E. 132).

So we are constrained to hold that, notwithstanding the consent of Anderson, those portions of the decree above pointed out were void and of no effect for want of jurisdiction in the court to make the same.   We cannot agree with counsel for appellees that those provisions of the decree alluded to can be sustained as "family settlements." There is nothing to show that the said provisions were intended to operate as "family settlements," and that fact is negatived by the will of Andrew Anderson, which appears in this record, showing that he made subsequent provisions for these children.   Neither can a family settlement, such as is here claimed, be made in a divorce proceeding.   What we have said here applies equally to the fifth clause of this decree, and to the provision for the benefit of Mrs. Gassman.

The decree of the court below will be modified in accordance with the views herein expressed, and otherwise affirmed.   No costs will be awarded in this court to either party.

BIRD, C. J., and OSTRANDER, BROOKE, and BLAIR, JJ., concurred.