## NEWTON *v.* SECURITY NATIONAL BANK OF BATTLE CREEK.

1. DIVORCE—JURISDICTION—STATUTES—ALIMONY.
     The jurisdiction of a circuit court of chancery, in divorce proceedings, is strictly statutory, such courts not having inherent power to decree permanent alimony at all.

2. DIVORCE—PROPERTY SETTLEMENTS—FRAUD—DURESS—MISTAKE.
     A husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby.

3. SAME—SUPPORT OF CHILDREN.
     The maintenance of a child is a common-law obligation resting upon the father and enforced, in a divorce decree, under power conferred by statute (3 Comp. Laws 1948, § 552.16).

4. SAME—PROPERTY SETTLEMENTS.
     After separation or the launching of a bill for divorce, amicable settlements between the parties, of their property interests, are not only lawful, but to be commended.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 17 Am. Jur., Divorce and Separation, § 723.
[3] 17 Am. Jur., Divorce and Separation, §§ 692, 697; 39 Am. Jur., Parent and Child, §§ 35, 38.
[3] Death of mother of child whose custody has been awarded to her or to third person by divorce decree as reviving father's common-law duty to support, or right to custody of, child. 128 A.L.R. 989.
[3] Power of court in divorce or separation suit to provide for support of, or aid to, adult child, or to continue provision for support after child attains majority. 162 A.L.R. 1084.
[5] 17 Am. Jur., Divorce and Separation, § 460.
[6] 19 Am. Jur., Equity, § 57.
[7, 13] 19 Am. Jur., Equity, § 490 *et seq.*
[8] 17 Am. Jur., Divorce and Separation, §§ 459, 460, 466, 738.
[8, 9] Power of court to modify decree for support, alimony, or the like based on agreement of parties.  166 A.L.R. 675.
[9] 31 Am. Jur., Judgments, §§ 458, 463, 464.
[10–14] 17 Am. Jur., Divorce and Separation, §§ 459, 738.
[10–14] Power of court to modify decree for support, alimony, or the like based on agreement of parties.  166 A.L.R. 675.
[13, 14] 19 Am. Jur., Equity, §§ 500–503.

5. SAME—ACCEPTANCE OF BENEFITS UNDER DECREE—JURISDICTION.

One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it.

6. EQUITY—MISTAKE.

A unilateral mistake would not form the basis for invoking equitable relief.

7. SAME—MISTAKE—DILIGENCE.

The same diligence is required in asserting mistake as basis for relief in equity as in asserting fraud.

8. DIVORCE—PROPERTY SETTLEMENT—TRUST FOR CHILD—CONSENT.

Provisions of decree of divorce respecting property settlement whereby the parties consented that certain property be left in trust for the only child of the parties of which the corpus was distributable when the child became 30 years of age, which provisions were not the result of fraud or mistake and which were acquiesced in for a period of 28 years were not then subject to being set aside, since the transaction was one favored by the law and expressly adopted by the parties and modification was not had by consent of all the parties.

9. JUDGMENT—CONSENT.

Orders and decrees made by consent, and with full knowledge of the facts, are binding upon the parties consenting and cannot be gainsaid so long as they remain in force.

10. DIVORCE—PROPERTY SETTLEMENT—DELAY IN SEEKING MODIFICATION.

Where, 28 years after property settlement agreement had been adopted by court in decree of divorce, defendant husband therein sought to set certain provisions thereof aside because the trustee of the estate which he had inherited from his father and who had been given a general power of attorney by such husband, was joined as a party defendant solely because of wife's expressed apprehension of dissipation of the property, such late objection to the joinder *held,* without merit.

11. SAME—PROPERTY SETTLEMENT—DELAY—EXCUSE.

In order to excuse delay of 28 years in attacking provisions of decree of divorce adopting property settlement, a plaintiff must establish adequate reasons to explain the delay in seeking equitable relief.

12. SAME—DELAY IN SEEKING MODIFICATION—PROPERTY SETTLEMENT.
    Fact that husband, defendant in suit for divorce, has long since remarried and has a son by his second marriage, and husband is now of the age of 53 years, *held,* insufficient to excuse delay of 28 years in seeking to set aside provisions of decree of divorce approving and incorporating provisions of property settlement entered into by the parties to the suit and approved by them at the foot of the decree.

13. EQUITY—DELAY—EXCUSE—LIMITATION OF ACTIONS.
    Where one invokes the aid of equity, after apparently sleeping on his rights for a time equal to the statutory period of limitations, he must allege facts which excuse the delay and show strong equities in his favor.

14. DIVORCE—TEMPORARY ALTERATION OF PROPERTY SETTLEMENT FOR BENEFIT OF HUSBAND—DELAY—EQUITY.
    Fact that property settlement was changed without the consent of husband in suit for divorce would not afford basis for having provisions of decree declared a nullity some 28 years later, where the alteration was a temporary one, and was for the benefit of the husband in that he was to receive $100 a month during the pendency of the divorce case and the arrangement terminated upon entry of the decree.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 7, 1949. (Docket No. 41, Calendar No. 44,298.) Decided April 11, 1949. Rehearing denied May 18, 1949.

Bill by William F. Newton against Security National Bank of Battle Creek and others to require payment of assets of trust. Decree for defendants. Plaintiff appeals. Affirmed.

*Freud & Toppin* (*Mustard & Clagett,* of counsel), for plaintiff.

*Sabin & Turner,* for defendants Newton.

*Burritt Hamilton,* for defendant Bank.

BOYLES, J. Plaintiff filed this bill of complaint in the circuit court for Calhoun county in chancery in

1948, challenging the validity of certain property provisions in a divorce decree entered in said court December 4, 1920, asking that the same be set aside and that plaintiff be decreed to be the owner of certain real estate and personal property adjudicated by said decree to belong to others. The circuit court dismissed the bill of complaint and plaintiff appeals. The facts and circumstances under which this case comes into court were amply and accurately set out in the opinion filed by the trial court and we quote the same:

"Circuit Judge William Newton, father of the plaintiff, died in 1903 at Flint, Michigan, leaving his estate in trust for plaintiff, William F. Newton, the principal of said trust estate to be distributed to plaintiff upon arriving at the age of 25 years. George W. Hubbard of Flint, Michigan, was named as testamentary trustee and served in that capacity until the principal of said trust estate was distributed to plaintiff on or about May 3, 1920, at which time plaintiff was 25 years of age. On December 30, 1917, plaintiff, who was then in the military service of the United States, married defendant, Frances W. Newton. A son, William Hubbard Newton, was born of said marriage August 10, 1919. Upon the distribution of the trust estate to him, amounting to around $150,000, plaintiff executed a power of attorney to said George W. Hubbard, leaving the control and management of said property in the hands of Mr. Hubbard. Defendant, Frances W. Newton, as plaintiff's wife, joined in the execution of said power of attorney.

"On July 20, 1920, defendant, Frances W. Newton, filed a bill for divorce in Calhoun county against plaintiff, William F. Newton, on the grounds of extreme cruelty. George W. Hubbard, as custodian of William F. Newton's property, was joined as a party defendant. William F. Newton entered his appearance in the divorce proceedings by his attorney, George W. Cook, of Flint, Michigan, and

while he did not file an answer, he was actively represented by said attorney throughout the course of said proceedings. While the divorce suit was pending, the parties thereto, together with their respective attorneys, executed a stipulation and property settlement agreement dated August 26, 1920. Said property settlement agreement provided that one-third of William F. Newton's property should be retained by him free of all marital rights; one-third should be transferred to his wife, Frances W. Newton; and the remaining one-third to be transferred to a trustee to be designated by the court to be held in trust for said William Hubbard Newton, then one year of age. The income of the trust fund to be paid to the guardian of said William Hubbard Newton for his support, care and education until he attained the age of 21 years, and thereafter the income from said trust fund to be paid direct to William Hubbard Newton until he attained the age of 30 years, the principal to be turned over to him upon his attaining the age of 30 years. The agreement, also, provided that if William Hubbard Newton dies before attaining the age of 30 years, the trust will terminate and the trust property shall be distributed to William Hubbard Newton's issue, but, if there be no issue, the trust property shall be distributed in equal shares to William F. Newton and Frances W. Newton.

"The defaults of defendants William F. Newton and George W. Hubbard for failure to answer plaintiff's bill of complaint, were duly entered on October 22, 1920. On December 4, 1920, after the taking of proofs, Honorable Walter H. North, then circuit judge of Calhoun county, entered a decree in said divorce suit granting Frances W. Newton a divorce from the bonds of matrimony, approving said property settlement agreement and incorporating it in the decree in accordance with the provisions of the agreement, and naming William E. Martin, of Flint, as trustee of said trust for the infant child, William Hubbard Newton. Said William F. Newton and

Frances W. Newton each signed a consent at the foot of the decree, consenting to it, 'so far as property rights are concerned.' By the terms of the property settlement agreement and the decree, defendant, Frances W. Newton, gave up all of her rights in and to the property of plaintiff, and assumed the custody and care of the infant son, William Hubbard Newton. Following said divorce, plaintiff, William F. Newton, remarried and has a son by his second marriage.

"Shortly after said decree was entered plaintiff, William F. Newton, personally and by his attorney in fact, George W. Hubbard, transferred one-third of his estate in not less than the sum of $50,000 to the trustees, in accordance with said property settlement agreement and this court's decree. Defendant, Security National Bank of Battle Creek, is now serving as trustee of said trust. Since 1920 plaintiff, William F. Newton, has appeared personally or by attorney on more than one occasion in proceedings affecting the administration of said trust. Said trust has now continued for over 27 years. On August 10, 1949, defendant, William Hubbard Newton, the beneficiary of the trust, will reach 30 years of age and will become entitled to receive the corpus of the trust.

"The plaintiff contends that the court sitting in the divorce case of Newton v. Newton had no jurisdiction over the subject matter, so as to give it power to establish the so-called trust of plaintiff's property, distributable to his son after reaching the age of majority. That power and jurisdiction cannot be conferred by consent. That said portions of the decree, seeking to convey plaintiff's property to the son after the age of majority, are absolutely null and void and may be attacked collaterally. * * *

"Frances W. Newton agreed that the property settlement would extinguish her inchoate right of dower in real estate thus owned or thereafter acquired by William F. Newton, and that the property settlement would also extinguish any and all claims

growing out of the marital relations, including temporary support money for both herself and the child. "The property settlement was adopted by the court. No alimony was awarded. The property settlement was fully executed nearly 28 years ago, and has been acquiesced in by both parties throughout that period until this suit was commenced February 13, 1948.

"When the property settlement was made, and when the decree approving it was entered, William F. Newton was a man of 26 years of age, of sufficient mental and physical ability to serve in the United States Army. He signed the property settlement agreement and approved in writing at the foot of the decree the property provisions of the decree. Now, after more than 27 years, he attacks the trust provided in both instruments to his son. In the meantime he has repeatedly acquiesced expressly in steps incidental to administration of the trust.

"Nothing in the property settlement or in the decree provides for a review or for revocation of the trust. The trust is of the type classified as 'irrevocable.'"

During the 28 years since the above-mentioned property agreement and decree, the parties have accepted the same and acted in accordance therewith. William F. Newton, the defendant in the divorce case, now comes into the chancery court with the instant bill of complaint attacking the validity of the property settlement and the decree entered in accordance therewith and asks that he be decreed to be the owner of the property decreed to the minor child, William Hubbard Newton, in that case. The defendants in the instant case are plaintiff's said former wife, Frances W. Newton, now a resident of Florida; William H. Newton, the sole issue of said marriage, now nearly 30 years of age, and his daughter and only child Dorothy, now under 14 years of age, both residents of Texas; the bank which

is the trustee for said William H. Newton, the son
and sole issue of said marriage; and also any un-
named, unborn and unknown defendants who might
have any interest in said property.

The named defendants herein filed separate an-
swers setting up as affirmative defenses that the de-
cree of divorce was *res judicata,* and that in any
event plaintiff was guilty of laches and his present
claims barred by equitable estoppel. The defend-
ants also filed a motion to dismiss the bill of com-
plaint, supported by affidavit, claiming laches, equi-
table estoppel, collateral attack, that plaintiff had
consented to the property settlement in the divorce
case, and that the bill of complaint did not set up
a cause of action in equity. Plaintiff filed a motion
for a decree on the pleadings, both motions were
heard together by the circuit judge who filed findings
of fact and conclusions of law and as hereinbefore
stated entered a decree dismissing the bill of com-
plaint.

In contending that the court lacked jurisdiction
to approve the trust over the third of plaintiff's
property set up for his minor son, and that such
portion of the decree is void, plaintiff relies main-
ly on *Maslen* v. *Anderson,* 163 Mich. 477. In that
case the Court said:

"The jurisdiction of the circuit courts in chancery,
in this State, in divorce proceedings, is strictly stat-
utory. *Perkins* v. *Perkins,* 16 Mich. 162; *Baugh* v.
*Baugh,* 37 Mich. 59 (26 Am. Rep. 495); *Peck* v. *Peck,*
66 Mich. 586; *Peck* v. *Uhl,* 66 Mich. 592. Such courts
have no inherent power as courts of equity to decree
permanent alimony at all. *Perkins* v. *Perkins, su-
pra,* citing *Peltier* v. *Peltier,* Harr. Ch. (Mich.) 19.
Our statutes give the court power to grant alimony
to the wife for the support of herself and minor chil-
dren, and to give a lien against the property of the
husband to secure the payment of the same; but

they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof."

Plaintiff claims that the above case is on all fours with the case at bar and controls here. However, the situation in that case does not support the claim. The defendant did not enter an appearance, there was no property settlement or agreement entered into by the parties that was the basis of the decree, and the provisions of the decree had not been completely executed when the action was brought. In the case at bar the defendant William F. Newton appeared in the divorce case and, while he filed no answer, he was represented by a competent attorney throughout the divorce proceedings, including the property settlement agreement. The parties settled their property rights by said agreement which was approved by the court. The provisions setting up a trust for the minor child were included in the property agreement and, after the signing of the decree, the property was turned over to the trustee in accordance with the terms of the agreement and decree. Said trust was set up and the terms of the agreement as well as the decree entered in pursuance thereof were fully executed before this suit was begun, with the single exception that the trustee had not turned over to him the minor's property when he became 30 years of age. The purpose of plaintiff's present suit is to prevent the occurrence of that final event, inasmuch as William Hubbard Newton will become 30 years of age on August 10, 1949.

In the *Maslen Case, supra,* p. 484, it is stated:

"There is nothing to show that the said provisions (in the decree) were intended to operate as 'family settlements.'"

Therein it differs from an agreement as entered into in the case at bar.    To the extent that statements in the *Maslen Case* may be considered contrary to the conclusions herein expressed, we now decline to follow the same.    Plaintiff seems to proceed upon the theory that the trust in this case was the result of the decree of divorce, and that as such it was in excess of the court's statutory powers.    The trust was in reality the result of the property settlement between the parties, which they had a right to make, and which the court had a right to confirm.

"In Michigan, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby.    *    *    *

"The maintenance of a child is a common-law obligation resting upon the father and enforced, in a divorce decree, under power conferred by statute (3 Comp. Laws 1915, § 11407 *)." *West* v. *West* (syllabi), 241 Mich. 679.

" 'This Court has consistently held that, after actual separation or the launching of a bill for divorce, amicable settlements between the parties, of their property interests, are not only lawful but are to be commended.    *Randall* v. *Randall,* 37 Mich. 563; *Owen* v. *Yale,* 75 Mich. 256.' "    *In re Berner's Estate,* 217 Mich. 612.

William F. Newton retained one-third of his property, of a value of approximately $50,000.    The property settlement relieved him of all further claims of Frances W. Newton arising out of the marital relation.    He received and retains these benefits.

"One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction

* See, as amended, 3 Comp. Laws 1948, § 552.16 (Comp. Laws Supp. 1940, § 12738, Stat. Ann. 1947 Cum. Supp. § 25.96).—REPORTER.

of the court which rendered it." *Jackson City Bank & Trust Co.* v. *Fredrick,* 271 Mich. 538.

In the divorce case alimony was waived. The future care of the child was merged in an outright lump sum sufficient to provide support, education and a start in life; the court, having the child as a ward, approved the arrangement. The trust was created by the acts of the parties, not by the court. The decree provided additional administrative safeguards. These, however, were approved in writing by the parties at the foot of the decree. The transaction was one favored by the law, and the parties expressly adopted it. When said agreement was approved by the court it became binding unless modified by consent of all of the parties. No claim of fraud is alleged. The bill hints of mistake of fact and law. However, no mistake is well pleaded. No mutuality of mistake is even suggested. A unilateral mistake, if any, would not invoke equitable relief. Moreover, one who claims mistake cannot wait 28 years before seeking relief. The same diligence is required in asserting mistake as in asserting fraud. *Macklem* v. *Bacon,* 57 Mich. 334.

Both parties to the divorce not only agreed in writing to the property settlement, but the decree as entered was a consent decree in so far as it applied to the provisions for property settlement. Both plaintiff and defendant in the divorce case indorsed the decree as follows:

"I hereby consent to the foregoing decree so far as property rights are concerned.
"Dated Dec. 4, 1920.
              (Signed) "W. F. NEWTON
                        "FRANCES WAY NEWTON"

" 'A judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto * * * for the reason it is not

the judgment of the court but the judgment of the parties.' *In re Estate of Meredith,* 275 Mich. 278, 289 (104 A. L. R. 348).

"This view follows the rule promulgated in the headnote in *Russell* v. *White,* 63 Mich. 409, which reads:

" 'Orders and decrees made by consent, and with full knowledge of the facts, are binding upon the parties consenting, and cannot be gainsaid so long as they remain in force.' "    *Tudryck* v. *Mutch,* 320 Mich. 99.

In *Commissioner of Internal Revenue* v. *Tuttle* (C. C. A.), 89 Fed. (2d) 112, the court had under consideration a property settlement agreement made in a pending divorce case in which the husband entered into a written agreement with his wife to set up a trust for her benefit and she agreed to accept the same in full settlement of her dower and other property rights. The court, in upholding the agreement, said:

"Under Michigan law, however, parties to a divorce action may enter into a property settlement by which, in the absence of fraud, duress or mutual mistake they will be bound."

Plaintiff now claims that George W. Hubbard was improperly joined as a defendant in the divorce case. In the bill of complaint George W. Hubbard was made a party for one purpose only, stated as follows:

"That plaintiff is without personal means, except for such support as is provided [*sic*] by (for) her by the defendant: That defendant is the heir to and owner of considerable property, consisting largely of mortgages, land contracts, notes and other evidences of indebtedness, coming to him from the estate of his father: That Mr. George W. Hubbard, of Flint, Michigan, has such choses in action in his possession, and has a general power of attorney

from defendant, in relation thereto: And that plaintiff fears that unless said defendant, and said George W. Hubbard, who is made a party defendant hereto, are restrained by the injunction of this court, defendant will contrive to sell and dispose of his said property, and dissipate the proceeds, and that the rights of plaintiff and said minor child will thereby be placed in jeopardy."

George W. Hubbard also became a party to the property settlement agreement for the reason that he was therein authorized and directed to make any and all transfers in the name of William F. Newton to effectuate carrying the agreement into effect. Under these circumstances there is no merit in plaintiff's objection made at this late day, that Hubbard was named as a defendant in the divorce case. He was named for the sole purpose of restraining him, along with the defendant, from disposing of the property of the defendant which, under his power of attorney, Hubbard would otherwise have had the right to do.

In order that he may excuse his delay of 28 years in attacking the provisions of his agreement, and the decree, plaintiff must establish adequate reasons to explain his delay in seeking equitable relief. His only excuse, set up in his bill of complaint, was:

"That said decree of divorce results in increased hardship on this plaintiff through a change of circumstances. This plaintiff has been long remarried and has a son by his second marriage. Being now of the age of 53 years, this plaintiff has real need of the use of his rightful estate for the care of his dependents and to provide for them in case of his death."

The plaintiff has not satisfied the burden of showing a proper excuse for his delay. Nor has he shown any strong equities in his favor.

"Where one invokes the aid of equity, after apparently sleeping on his rights for a time equal to the statutory period of limitations, he must allege facts which excuse the delay and show strong equities in his favor. *Campau* v. *Chene, supra* (1 Mich. 400); *Abbott* v. *Godfroy's Heirs,* 1 Mich. 178, 182; 1 Am. St. Rep. 788, 789, note; *Hays* v. *Port of Seattle,* 251 U. S. 233 (40 Sup. Ct. 125, 64 L. Ed. 243); *Bradfield* v. *Dewell,* 48 Mich. 9," (*Moross* v. *Oakman,* 257 Mich. 464) quoted with approval in *Olitkowski* v. *St. Casimir's Savings & Loan Ass'n,* 302 Mich. 303.

Plaintiff points out that the property settlement agreement was later changed without his consent and for that reason a nullity. But the change, made about 3 months *before* the decree was entered, was for his benefit, and stipulated by counsel. It merely provided that he should receive $100 per month from George W. Hubbard, who had custody of his property under the power of attorney, during the pendency of the divorce case. It was a temporary arrangement which terminated upon entry of the decree and of course was not embodied therein. There is no equity in his present claim that the settlement agreement is void for that reason, whereby the decree should be set aside on that ground.

There might be more merit in plaintiff's suit if it depended solely on the decree. He makes no attempt to excuse his voluntary agreement for the settlement of all his property matters, in the agreement signed by him. He was of full age, and makes no assertion of mental incompetence or duress. He fails to set up any adequate claim of fraud or mistake. The decree as to property matters which he now seeks to repudiate is a consent decree. And if any additional ground were necessary to preclude the plaintiff from now obtaining relief from an equity court, he has not satisfactorily excused his delay of 28 years before invoking the power of equity in

his behalf.   There were no disputed issues of fact essential to decision in the court below.   The circuit judge properly considered and decided the questions of law presented on the defendants' motion to dismiss the bill of complaint and the plaintiff's motion for a decree on the pleadings.   We are in full accord with the conclusions of law filed by the circuit judge.

Affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, REID, BUTZEL, and CARR, JJ., concurred with BOYLES, J.

DETHMERS, J., concurred in the result.

NORTH, J., did not sit.