NORRIS *v.* NORRIS.

1. DIVORCE—MENTAL COMPETENCY—JURISDICTION—EVIDENCE.
   Claim that plaintiff husband was a mentally-incompetent person at time bill for divorce had been filed and decree granted him and, hence, that the court did not have jurisdiction to grant the decree, *held*, without support in record, where it appears that although he had theretofore been committed to an asylum in Arizona as an insane person, he had later been discharged from the hospital as improved, that under the law of Arizona such discharge *ipso facto* effected a restoration of the person discharged to legal capacity to sue and to be sued and his suit for divorce then followed by several months (Ariz Rev Code 1928, ch 35, § 1769, ch 70, § 2935).

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 272.
    28 Am Jur, Insane and Other Incompetent Persons §§ 40, 103.
[2] 28 Am Jur, Insane and Other Incompetent Persons § 10.
[3] 17 Am Jur, Divorce and Separation § 459.
[4] 17 Am Jur, Divorce and Separation § 460.

2. Insane Persons—Jurisdiction to Adjudicate Mental Competency.

A State in which a party is a resident has jurisdiction to adjudicate his mental capacity (Ariz Rev Code 1928, ch 35, § 1769, ch 70, § 2935).

3. Divorce—Laches—Estoppel.

Defendant wife's petition to set aside decree of divorce which had been granted husband some 20 years theretofore was properly denied on ground of laches amounting to an equitable estoppel, where she had repeatedly accepted the benefits of the decree without questioning it in that she on numerous occasions had petitioned the court for attachments for plaintiff's arrest for nonpayment of alimony, he had been found guilty of contempt and sentenced to prison therefor, she had also successfully resisted his attempts to obtain custody of the children and had remarried.

4. Same—Jurisdiction—Estoppel.

One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it.

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 5, 1955. (Docket No. 19, Calendar No. 46,238.) Decided March 9, 1955. Rehearing denied June 7, 1955. Certiorari denied by the Supreme Court of the United States November 21, 1955.

Petition by Elizabeth E. Norris, defendant, to set aside divorce granted to Ralph A. Norris on his bill of complaint taken as confessed more than 20 years previously. Petition opposed by Hazen E. Kunz, Friend of the Court, guardian *ad litem* for plaintiff. Petition denied. Defendant appeals. Affirmed.

*Frederick C. Hailer,* for guardian *ad litem* for plaintiff.

*John McIntosh,* for defendant.

Boyles, J. This is an appeal from an order denying defendant's petition to set aside a decree of divorce. In October, 1928, plaintiff filed a bill of

complaint for divorce in the circuit court for Wayne county. Personal service was had on the defendant, who appeared by attorney and filed an answer, later withdrawn by a stipulation of counsel which provided that the case might be heard *pro confesso.* A decree granting plaintiff a divorce was entered in April, 1929. It provided that the defendant have the custody of their minor children and that the plaintiff pay her $10 per week for their support.

In 1951 the defendant filed the petition involved here, to set aside the decree, the only ground alleged being "that the aforesaid plaintiff was a mentally-incompetent person at the time the decree of divorce was entered and at the time his bill of complaint was filed." A hearing was held, testimony taken, exhibits received, and the court entered an order denying the petition. The defendant appeals, claiming (1) that the court erred in granting the decree of divorce in 1929, lacking jurisdiction, and (2) again erred in 1953 in denying her petition to set aside the decree.

1. The record does not support appellant's claim that the plaintiff was a mentally-incompetent person at the time the bill for divorce was filed or when the decree was entered. On January 30, 1928, the plaintiff had been ordered admitted to the State asylum for the insane at Phoenix, Arizona, as an insane person. Ariz Rev Code 1928, ch 35, § 1769 (Ariz Code Ann 1939, art 3, § 8–301). On June 22, 1928, he was discharged from said hospital as improved and allowed to return to [*sic*] Ohio (Michigan ?). Ariz Rev Code 1928, ch 70, § 2935 (Ariz Code Ann 1939, art 2, § 8–203). About 4 months later he filed his bill of complaint in the divorce case, October 19, 1928, and the divorce decree was entered April 18, 1929.

In a case referring to section 8–203, Arizona Code Annotated 1939, *supra,* the Arizona supreme court

held that under this section the effect of a discharge *ipso facto* is to restore the person discharged to legal capacity to sue and to be sued. *Cubbison* v. *Cubbison,* 45 Ariz 14 (40 P2d 86).

In the above case, the supreme court of Arizona made a distinction between proceedings for restoration to competency of persons placed under guardianship for reasons of insanity, and persons committed to the State asylum. The court held (pp 20–22):

"The order of February 8th adjudging her to be insane was made under the provisions of chapter 35, Revised Code of Arizona 1928 (section 1769 *et seq.*). * * *

"Chapter 35, *supra,* as well as article 17 of chapter 88, Revised Code of Arizona 1928 (section 4107 *et seq.*), dealing with guardianship of minors and incompetents, were taken from California. * * * The effect of a discharge in either of such manners *ipso facto* restores the person discharged to legal capacity to sue and be sued."

The Arizona court pointed out that a commitment to the State hospital as an insane person under the statute was not an adjudication of mental incompetence, which would be a separate proceeding, under a different statute. In this State a like difference prevails between the statutory provisions for the admission of an insane person to a State hospital,[*] and the appointment of a guardian for one adjudged to be a mentally-incompetent person.[†]

No other proof to sustain appellant's claim was offered and the record fails to show that the plaintiff was a mentally-incompetent person when the bill was filed or the decree entered. No guardian was appointed by the Arizona court at the time of the commitment of the plaintiff in 1928, and therefore

---

[*] CLS 1952, §§ 330.21–330.23 (Stat Ann 1953 Cum Supp §§ 14.811–14.813).

[†] CL 1948, § 703.1 (Stat Ann 1953 Cum Supp § 27.3178[201]).

the discharge of the plaintiff from the asylum in Arizona, under section 2935, *supra, ipso facto* restored him to legal capacity. The plaintiff, being temporarily in Arizona, that State had jurisdiction to adjudicate plaintiff's mental capacity. The plaintiff being therefore under no legal disability, and the defendant asserting no other jurisdictional defect, it must be concluded that the trial court did not lack the jurisdiction to grant the decree of divorce in 1928.

2. The court did not err in denying the instant petition to set aside the decree. Appellant was represented by counsel in the divorce proceeding. She has not denied the authority of her counsel to act. See *August* v. *Collins,* 265 Mich 389. She is guilty of laches amounting to an equitable estoppel by her delay for more than 20 years before seeking to have the decree set aside. *Livingston* v. *Livingston,* 276 Mich 399; *Hardy* v. *Hardy,* 326 Mich 415. Furthermore, appellant repeatedly has accepted the benefit of the decree of divorce without questioning it. She remarried. On numerous occasions after the decree was granted she petitioned the court for attachments for the plaintiff's arrest for nonpayment of alimony, and on her petitions the plaintiff on 4 occasions was found guilty of contempt and sentenced to the Detroit House of Correction for nonpayment. She successfully resisted plaintiff's attempts to obtain custody of the children. One who thus accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it. *Jackson City Bank & Trust Co.* v. *Fredrick,* 271 Mich 538; *Newton* v. *Security National Bank of Battle Creek,* 324 Mich 344.

Affirmed. Costs to appellee.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.