FLYNN v. FLYNN.

1. DIVORCE—JURISDICTION—STATUTES.
    Jurisdiction in divorce proceedings is strictly statutory.

2. SAME—EQUITY—STATUTES.
    Only those powers of equity which are set forth in the statutory
    law on divorce may be exercised by a court of equity in a di-
    vorce proceeding.

3. SAME—STATUTES—JURISDICTION—PROPERTY.
    A court in a divorce proceeding has no jurisdiction to dispose
    of entireties property to persons other than the parties to
    the proceeding (CL 1948, § 552.102).

4. SAME—PROPERTY—LIFE ESTATES TO PARTIES—REMAINDERS TO
CHILDREN.
    Provision of decree in suit for divorce whereby court decreed a
    life estate to the parties with remainders over to their children
    was properly held invalid (CL 1948, § 552.102).

5. SAME—PROPERTY—TENANCY BY ENTIRETY—TENANCY IN COMMON.
    Parties to a suit for divorce become tenants in common as to
    property theretofore held as tenants by the entireties, in the
    absence of other disposition of ownership by the decree of
    divorce (CL 1948, § 552.102).

6. SAME—PROPERTY—TENANCY BY ENTIRETY—TENANCY IN COMMON.
    Order invalidating provision of decree of divorce relative to en-
    tireties property whereby life estates in various parcels were
    given to parties with remainder over to their children *held*,
    proper, but further provision bestowing fee simple title thereto
    in the property to which life estate had theretofore been given
    ·was error, since the pertinent statute provided for disposition
    of entireties property by vesting it in the parties as tenants in
    common in the absence of other disposition (CL 1948, § 552-
    .102).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  17 Am Jur, Divorce and Separation § 274 *et seq.*
[3–6]  17A Am Jur, Divorce and·Separation § 924 *et seq.*
[7]  14 Am Jur, Costs § 11.

7. SAME—COSTS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are allowed on appeal from order invalidating provision of divorce decree purporting to give parties thereto a life estate in their real estate and remainders over to their children and then giving the property in fee simple to the respective parties, where latter provision was in error, since neither party has succeeded fully.

BLACK, KAVANAGH, and SOURIS, JJ., dissenting as to action to be taken on remand.

Appeal from Wexford; Peterson (William R.), J. Submitted October 11, 1961. (Docket No. 54, Calendar No. 49,143.) Decided September 10, 1962.

Bill by Martha Adoree Flynn against Melburn N. Flynn for divorce resulted in decree incorporating property settlement. On subsequent petition of defendant, order entered invalidating portion of decree. Plaintiff appeals. Reversed and remanded for entry of order invalidating property settlement insofar as it set up life estates and remainders, and additionally to adjudge that entireties property be held in common.

*Burton A. Hines,* for plaintiff.

*Jack W. Korn,* for defendant.

OTIS M. SMITH, J. This is an appeal from an order invalidating a portion of a decree of divorce. The decree was entered January 5, 1951, by a visiting circuit judge sitting in chancery. The order is dated January 12, 1961, and was made by the present resident judge who held that the provisions of the decree which purported to dispose of realty held as tenants by the entireties by creating life estates in the parties with remainders over to their children "exceeded the jurisdiction of the Court and are, therefore, invalid." The court decreed

that the parties thereafter should own the respective parcels in fee simple.

In his opinion, the circuit judge wrote as follows:

"The powers and jurisdiction of the circuit court in the disposition of property of parties who may be divorced by the court are entirely statutory. The court has carefully considered the cases and concludes that the instant case is governed by *Maslen* v. *Anderson,* 163 Mich 477, and *Rex* v. *Rex,* 331 Mich 399. There is simply no statutory authority for such a disposition as a means of property settlement and no other cause or justification for such a decree provision appears either in the findings of the decree or in the transcript of testimony and counsel's argument that appears in the file."

In the original proceeding, plaintiff took proofs on her bill of complaint on December 19, 1950, after defendant had filed his answer and cross bill. At the hearing both parties appeared in open court with their attorneys. However, neither of the original attorneys is participating in the present appeal. After brief testimony as to the marriage, the issue of the parties, and the grounds for divorce, plaintiff's attorney advised the court, on the record, that he and defendant's attorney, after consultation with their clients, had arrived at a proposed settlement of the property and alimony matters. He spoke for the record as follows: *"There are several pieces of real property, and it is the desire of both of the parties that after their deaths these properties shall belong to their 3 children or to the survivors of the 3 children in equal shares."* This statement was followed by a detailed oral presentation of the proposed settlement of property and alimony, including not only the disposition of entireties realty but also personalty. Further, it included provisions pertaining to occupancy privi-

leges, the assumption of business obligations and so on.

After his recital, plaintiff's attorney apparently turned to defendant's attorney and asked this question: *"Have I substantially stated the agreement of the parties?"* Defendant's attorney responded by saying, among other things, *"I think you have covered it very nicely."* The court was then advised that a proposed decree would be prepared jointly. The colloquy was ended by the court in its statement that a decree would be granted and that "The property settlement made and entered into, as shown by stipulation stated by counsel on the record, is hereby ratified and confirmed and will be incorporated in the decree."

In the section of the decree labeled "property settlement", the items of the stipulation are recited with greater formality and specificity. The decree also sets forth that both parties appeared in open court with their attorneys and that the matters in dispute between the parties with respect to their several properties had been amicably adjusted.

This decree which was said to have been prepared jointly, and which bears no marks of dispute, provides further as follows:

"It is expressly ordered, adjudged and decreed that all of the real property above described shall be transferred to and shall be held by each of the parties for life, with remainder over to the issue of these parties, provided, however, that each party shall have the power to mortgage or encumber such real estate for the purpose of maintaining or developing the properties for the benefit of such issue."

This provision was apparently made pursuant to the statement of plaintiff's attorney, quoted above, that it was the desire of the parties, after their deaths, to have title rest in their children.

It should be pointed out further that in view of the agreement of the parties as to property matters, no finding was made in the decree nor in the invalidating order that the property distribution was equitable. No testimony was offered on this point at either hearing.

Appellant-wife, who was plaintiff below, contends that the order invalidating a portion of the decree is erroneous because it voids a portion of the decree which was based upon a property settlement agreed to by the parties after commencement of suit, which settlement was ratified and incorporated into the decree. Appellant also contends that the court erred in disposing of the entireties property to the parties in fee simple, once it decided that a portion of the decree was invalid. Between the time of the lower court's opinion, filed November 21, 1960, and the order in question, filed January 12, 1961, appellant made a petition to correct the settlement portion of the decree. Appellant claimed in this petition that in view of the court's opinion holding the real property disposition invalid there was no actual, legal distribution of said property in the decree of divorce. The record does not disclose that any action was taken on the petition. Appellant now argues that if the property disposition were invalid then the parties are now legally tenants in common, citing CL 1948, § 552.102 (Stat Ann 1957 Rev § 25.132):

"Every husband and wife owning real estate as joint tenants or as tenants by entireties shall, upon being divorced, become tenants in common of such real estate, unless the ownership thereof is otherwise determined by the decree of divorce."

Appellee urges, on the other hand, the parties never consented to the creation of life estates with remainders over to their issue. Appellee is silent

as to the meaning of the statement of plaintiff's attorney relative to the desire of the parties. He says, at any rate, the court exceeded its jurisdiction and statutory authority. Having thus concluded, he states that the order invalidating a portion of the decree merely deletes the offending part by nullifying the life estates and remainders, and then settles the matter properly according to "the true intention of the parties" by giving in fee simple the same parcels which, colorably, each had previously held as life tenants under the decree.

It is difficult to understand how the parties, and the original attorneys in the case, and also the trial judge can now be charged with error in understanding the intention of the parties with respect to the real property. The record amply supports the disposition made in the decree. There is hardly any other construction which can be placed upon the colloquy of counsel. The decree confirms this conclusion.

But the crucial question is whether the judge had the authority to decree a life estate to the parties with remainders over to their children. Jurisdiction in divorce proceedings is strictly statutory. *Rex* v. *Rex*, 331 Mich 399. Although under our present law, divorce cases are heard on the chancery side of the court only those powers of equity which are set forth in the statutory law on divorce may be exercised. *Maslen* v. *Anderson*, 163 Mich 477.

In the *Maslen Case*, the issue of the jurisdiction of the court in divorce proceedings came up on a bill to quiet title. The cloud upon the title was created by a decree of divorce which had been previously entered. In the divorce proceeding the defendant husband did not enter his appearance in the cause and the bill was taken as confessed. However, the defendant had knowledge of and had orally consented to the terms of the decree. In the suit to

quiet title this Court, on appeal, decided that the provisions in the decree were invalid which purported to place a lien upon the property of the divorce defendant's estate if he did not pay $5,000 in cash to each of his children upon reaching majority; likewise, a provision in the decree requiring payments of $10 per month to his divorced wife if she would maintain her own mother in her home. We held in the *Maslen Case* that those portions of the decree were void and of no effect for want of jurisdiction in the court to make the same. We held also that even if these provisions constituted a "family settlement" they could not be sustained in a divorce proceeding.

Appellant places heavy reliance on *Newton v. Security National Bank of Battle Creek,* 324 Mich 344. In this case, plaintiff filed a bill of complaint in 1948 challenging the validity of certain property provisions in a divorce decree rendered in 1920. In the original divorce proceeding the defendant-husband, Newton, plaintiff here, entered his appearance but filed no answer to the bill of complaint. Throughout the case he was actively represented by counsel. While the suit was pending the parties executed a stipulation and property settlement agreement providing that 1/3 of the father's property, which had been recently received through an inheritance, should be retained by him free of all marital rights; 1/3 should be transferred to his wife; and the remaining 1/3 should be transferred to a trustee to be designated by the court to be held in trust for the son of the parties, who was then 1 year old. The stipulation as to the trust fund included various provisions, including 1 for the distribution of the corpus of the trust upon the son reaching the age. of 30 years.

Shortly after the decree in the divorce case was entered, plaintiff transferred 1/3 of this estate and the approximate sum of $50,000 to the trustees in

accordance with the property settlement agreement. It appears that the trust had been administered according to the stipulation except for the terminal provision of transferring the corpus of the trust to the son-beneficiary. In the *Newton Case,* it was contended that the court had no jurisdiction over the subject matter so as to give it power to establish such a trust of plaintiff's property distributable to his son in the manner set forth in the stipulation and, of course, the decree. Distinguishing the *Newton Case* from the *Maslen Case,* we said (p 353):

"Plaintiff seems to proceed upon the theory that the trust in this case was the result of the decree of divorce, and that as such it was in excess of the court's statutory powers. The trust was in reality the result of the property settlement between the parties, which they had a right to make, and which the court had a right to confirm."

In *Rex* v. *Rex, supra,* the parties contested the case. The critical item in the decree in *Rex,* insofar as our present inquiry is concerned, required the setting up of a trust by the plaintiff-father consisting of capital stock in 2 corporations which he owned. The trust was to be for the benefit of the children of the parties. The decree was drawn to operate as the trust instrument if plaintiff failed to execute the same. We held that all provisions in the decree requiring the setting up of such trust were illegal and void and were ordered deleted.

This Court said in *Rex* v. *Rex,* as follows (p 409):

"Jurisdiction in divorce proceedings is strictly statutory. The court cannot decree payment direct to children upon their reaching majority, or even during minority, or create a lien for such payment. We have held that provisions in a divorce decree, even by consent, providing payment of a sum to the

wife's mother and sums to the children at majority, are void."

This latter reference was, of course, to the *Maslen Case.*

We agree with the circuit court, at least to this extent, that there was no authority for disposing of entireties property to persons other than the parties thereto who were plaintiff and defendant in the divorce case. We construed the section of the statute cited above in *Allen* v. *Allen,* 196 Mich 292. We said (p 296) "The language of the statute is unambiguous, and clothes the court with plenary authority to award the whole or any part of the lands held by the parties as tenants by the entireties *to either of the parties.*" (Emphasis supplied.) It is clear therefore that there was no authority in the court to decree a life estate to the parties with remainders over to their children.

Next we come to that portion of the order invalidating the decree which purports to give to the respective parties in fee those parcels which he or she held under the decree as life tenants. We think this portion of the order is in error. Once it is determined that the decree is invalid as to the disposition of entireties property, it can only follow that such property remained undistributed by the decree. The ownership of entireties property not otherwise having been determined, the statute provides that the parties became tenants in common as to such property. The record does not disclose any findings upon which a different determination could be based. The order invalidating the decree is affirmed insofar as it finds want of authority, but it is reversed insofar as it purports to bestow fee simple title as aforesaid.

Reversed and remanded for the entry of an order

consistent with this opinion. No costs, neither party
having succeeded fully.

CARR, C. J., and DETHMERS and KELLY, JJ., con-
curred with OTIS M. SMITH, J.

BLACK, J. (*dissenting*). I am unable to sign the
opinion proposed for disposition of this case. That
opinion, like the opinion below, depends for its worth
on a case (*Maslen* v. *Anderson*, 163 Mich 477) which,
with respect to the jurisdiction of the court in di-
vorce cases to approve and consummate property
settlement agreements, was expressly overruled by
*Newton* v. *Security National Bank of Battle Creek*,
324 Mich 344, 353. Further, the opinion ignores our
settled rule that one who has partaken of the fruits
of a divorce decree cannot be heard to question the
jurisdiction of the court which rendered it. (*Norris*
v. *Norris*, 342 Mich 83, 87, following as to such point
*Newton, supra*.) Finally, no court of equity should
undertake to decide whether an unappealed and
decade-old decree, which by consent of the parties
and operation of statute apparently vested specific
property rights in third persons (here the children
of the litigating parties), is void as to such vesting,
such third persons never having been brought before
the court. Even in the case my Brother would follow
(*Maslen, supra*), the interested children of the par-
ties were haled into court and so became bound by the
court's final decree.

As to the "property settlement" portion of the de-
cree entered January 5, 1951, both parties uncondi-
tionally stipulated thereto and asked the court to
approve and incorporate same in its decree, which
was done. See detail in Mr. Justice OTIS M. SMITH's
opinion, to which the following evidence of Mr.
Flynn's firm agreement and consent should be
added:

The defendant husband, present petitioner for invalidation of the property settlement portion of the decree of 1951, was represented at the time by attorney H. Murray Campbell of Cadillac. We find, in the original record, Mr. Campbell's affidavit filed January 11, 1951. Therein Mr. Campbell averred that he personally "filed the original decree of divorce dated January 3, 1951, with the Wexford county clerk on January 5, 1951, and that as attorney for defendant he retained a true copy of said decree and has notice thereof as to the filing."

The decreed property settlement was the joint creature of the presently contending parties. They intended, and legally authorized the court to effectuate such intention in their behalf, to convey—fully under the statute (CL 1948, § 622.18 [Stat Ann § 27.1448])*—7 parcels of real estate to their children with retention by them of separate and respective life estates as provided in the consented portion of the decree of 1951. Such decree provided, immediately following the part quoted by my Brother and in due conformity with the cited statute:

"It is further ordered that if either party shall fail to execute proper instruments of transfer as required in this decree, the other party shall have leave to record a certified copy of this decree in the office of the register of deeds of any county where such property is located and such recording shall

---

* "Sec. 18. After the entry and enrollment of any final decree affecting or determining the title to real estate, a copy of such decree, duly certified by the clerk of the county in which the same was entered, under the seal of the court, may be received and recorded in the office of the register of deeds of the proper county, and shall have the same effect as the original decree; and if such decree shall direct the execution of a conveyance or other instrument affecting the title to real estate, the record of such certified copy shall have the same effect as the record of such conveyance or other instrument affecting the title to real estate would have if duly executed pursuant to said decree."

This section appears in general chapter 22 of the judicature act of 1915 (PA 1915, No 314), headed "Of judgments and decrees."

operate as a transfer of the interest of the party who is in default in the same manner and to the same effect as if a proper conveyance had been executed and delivered."

Thus the promptly recorded decree automatically effected valid conveyances by the parties, one to the other, and to their children with reservation of such separate life estates. Vested rights were created, not alone by force of the property-conveying consent of the parties but also by force of the cited statute. To say otherwise would unsettle many land titles in Michigan where, as in this instance, part or the whole of the realty subject matter of a divorce case has been disposed of by agreed property settlement, decretal approval thereof, and recording of the decree with its statutory language of conveyance. Indeed, this case presents clear proof that court and counsel proceeded in 1951, with respect to property rights and disposition thereof, according to the undoubted right of lawyers and judges to rely upon the current law of property. The *Newton Case,* unanimous save only as to Justice DETHMERS' concurrence in result, had been handed down but 20 months prior to the hearing conducted by Judge Holbrook on December 19, 1950, which hearing culminated in the decree dated January 3, 1951.

The question of jurisdiction is controlled by *Newton* v. *Security National Bank of Battle Creek, supra.* The ultimate and pertinent conclusion expressed by the Court was that the consent trust, like the consented and decretally executed conveyances here, was "the result of the property settlement between the parties, which they had a right to make, and which the court had a right to confirm." (p 353.) *Newton* quotes in support *West* v. *West,* 241 Mich 679, and *In re Berner's Estate,* 217 Mich 612, to which one might well add *Palmer* v. *Fagerlin,* 163 Mich

345, 349, handed down by the Court less than a month before release of *Maslen's* opinion.

*Rex* v. *Rex*, 331 Mich 399, also relied upon by the chancellor in making the appealed order of invalidation, is not opposed to the *Newton Case* or its stated conclusion. *Rex* presented question whether, in a divorce suit, the court could require the husband (over his vigorous objection and without his consent) to place his personalty, "from which he derives his income," in trust "for his 3 sons, 2 of whom are now more than 21 years of age, and the third is now near his majority." The Court, for stated reasons, held that the trial chancellor erred in such regard. Further, and unlike *Newton* and this case of Flynn, Mr. Rex raised the question upon entry of the divorce decree and immediately reviewed. He did not, as in *Newton's Case* and now in Flynn's case, accept the benefits provided for him by the decree, and so did not bring himself within the rule of *Jackson City Bank & Trust Co.* v. *Frederick*, 271 Mich 538, which rule was applied in *Newton's Case* and followed later in *Norris* v. *Norris*, *supra*.

Aside from the foregoing, there is an insuperable objection to affirmance of this appealed order. The 3 children of the parties are the record legal owners of the realty subject matter, subject to the respective life estates of record. Mr. Flynn's petition for invalidation shows on its face all these facts and, in addition, discloses his recent vain effort to obtain quitclaim deeds from the 2 adult children and from the guardian of the third (yet a minor). In this state of things the children should have been brought in as necessary parties to any proceeding by which Mr. Flynn would cut off their record interest. We have a statute providing for such action (CL 1948, § 612.10 [Stat Ann § 27.662]) and the trial chancellor upon his own motion should have denied ju-

dicial action until such requisite parties were brought in and permitted to plead.* Finally, no reason appears for failure to bring them in.

The reason for such joinder of necessary parties is well known. "It is a general rule in equity that all parties entitled to litigate the same questions are necessary parties." (*Nashville & D. Railroad Co. v. Orr*, 85 US 471, 473 [21 L ed 810].) For full exposition see 1 Pomeroy's Equity Jurisprudence (5th ed), § 114, p 153, quoted fully in *Love* v. *Wilson*, 346 Mich 327, 331. As was said in *Watson* v. *Lion Brewing Co.*, 61 Mich 595, 604, 605 (bracketing the Flynn children for emphasis):

"There is no claim that any of the Schmidtgall [Flynn] children are dead, and, from the record, it is to be presumed that they are all living, although their exact whereabouts does not appear. Not being made parties, and no one appearing for them, no great pains seems to have been taken to ascertain their present residence. * * *

"These Schmidtgall [Flynn] children were necessary parties to this suit. The complainant had no right to proceed without making them parties. When it was developed, upon the taking of proofs, that these children existed, the complainant's bill should have been dismissed, unless amended so as to make them proper parties. And such an amendment could not cure the defect in the bill, under complainant's theory, unless they were made parties defendant, which was not done in this proceeding. * * *

---

* As said of like necessary parties, in *Hoe* v. *Wilson*, 76 US 501, 504 (19 L ed 762):

"No relief can be given in the case before us which will not seriously and permanently affect their rights and interests. According to the settled rules of equity jurisprudence the case cannot proceed without their presence before the court. The objection was not taken by the defendant, but the court should, *sua sponte*, have caused the bill to be properly amended, or have dismissed it, if the amendment were not made. Instead of this being done the cause was heard and decided upon its merits. This was manifest error."

"Here, then, we have a case proceeding in equity, to determine the interests of these children in lands, in which premises the proofs show they are legally and equitably entitled to a greater or less share, depending in amount upon the lawfulness of their birth, if the complainant has any interest in the same.

"And in the suit both parties, as joined in issue, —complainant and defendants,—are laboring, under different theories, to establish the fact that these children have absolutely no interest. By no theory of an equitable nature can such a course of procedure be justified without the opportunity being afforded these children to appear in court and defend their rights."

The appealed order should be reversed with remand of the record for such further proceedings as may be consistent with the above. Following such remand all necessary parties should be brought before the court forthwith, by order entered pursuant to aforesaid section 612.10.

Mrs. Flynn should be awarded costs.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.

ADAMS, J., took no part in the decision of this case.