107   459
135   ¹145|

### SWINEY v. SWINEY.

1. DIVORCE—ALIMONY—SUPPORT OF CHILDREN.

Under 2 How. Stat. § 6245, providing that, upon granting a divorce, if the estate of the wife is insufficient for the suitable support and maintenance of herself and the children committed to her care, the court may decree to her such part of the personal estate of the husband, and such alimony out of his real and personal estate, as shall be just and reasonable in view of all of the circumstances, the court cannot direct that an amount awarded for the support of a child be paid to its guardian, instead of to the wife.

2. SAME—REASONABLENESS OF ALLOWANCE.

An award of $1,000 alimony to a wife who is granted a divorce and the custody of a minor child will not be disturbed, where the wife has property valued at $3,500, and the husband has property worth $5,500.

Appeal from Livingston; Dodds, J., presiding. Submitted December 4, 1895. Decided December 17, 1895.

Bill by Sarah G. Swiney against James Swiney for divorce. From a decree for complainant, both parties appeal. Modified and affirmed.

*William P. VanWinkle*, for complainant.

*Judd Yelland*, for defendant.

MONTGOMERY, J.  This is an appeal from a decree granting the complainant a divorce from the bonds of matrimony, the custody of the minor child of the parties, Sarah Catharine Swiney, and $1,000, to be paid to the guardian of the minor child for her support and maintenance.  The complainant has also appealed, claiming a further allowance of alimony.

An examination of the testimony convinces us that the decree for a divorce was justified.  The testimony of defendant alone is sufficient to show acts and conduct on his part to fully justify the decree, unless his conduct is excused by acts of the complainant.  While the case is not as clear on this point as we might have wished, yet we are on the whole satisfied that much of the ill temper which complainant át times exhibited can be accounted for by the wrongs which she suffered at the hands of the defendant.

As to the question of alimony, it appears that the complainant herself is possessed of $3,500, and that the defendant is worth $5,500.  The court below was of the opinion that, in view of the fact that the custody of the only dependent child of the parties was accorded to complainant, an allowance of $1,000 should be made for her support and maintenance.  We are satisfied that this conclusion was not inequitable, but under section 6245 of 2 Howell's Annotated Statutes the award in such cases should be made to the wife, and we find no authority for making an allowance to a child or its guardian.

The decree will be modified, and the sum of $1,000 will be awarded to complainant in full for alimony, and, as so modified, the decree will stand affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred.  McGRATH, C. J., did not sit.