SMITH v JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY

Divorce—Statutes—Minor Child—Custody—Support—Jurisdic-
tion—Life Insurance—Beneficiaries.

> A court has jurisdiction with respect to the custody and support
> of any child of the parties to a divorce until the child attains
> the age of 18; therefore, a provision of a judgment of divorce
> which required the husband to maintain a policy of insurance
> on his life naming his minor daughter as the beneficiary must
> be read to mean that he was required to maintain the policy
> only until the daughter reached the age of majority (MCLA
> 552.17a).

Appeal from Oakland, William J. Beer, J. Sub-
mitted June 2, 1975, at Detroit. (Docket No.
22440.) Decided October 14, 1975.

Complaint by Elizabeth Smith against John
Hancock Mutual Life Insurance Company for pay-
ment of proceeds under a policy of life insurance.
Defendant interpleaded Linda Thomas, individu-
ally and as administratrix of the estate of Joseph
Thomas, deceased, and Hopcroft Funeral Home as
parties defendant. Linda Thomas filed a cross-
claim against the other parties for payment of the
proceeds to her. Summary judgment for defendant
Thomas on her cross-claim. Plaintiff appeals. Re-
versed and remanded.

*Goldsmith, Yaker & Goldsmith* (by *Hal O. Car-
roll),* for plaintiff.

Reference for Points in Headnote
24 Am Jur 2d, Divorce and Separation §§ 723, 730.

*Bolle, Gase, Gilleran & Williams,* for defendant Linda Thomas.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

PER CURIAM. This cause arises out of a dispute over the proceeds of a life insurance policy issued on the life of Joseph Thomas, deceased. Plaintiff, Elizabeth Smith, sister of the deceased and the designated beneficiary under the policy, instituted suit against John Hancock Mutual Life Insurance Company which interpleaded the other defendants. Defendant, Linda Thomas, daughter of the deceased, filed a cross-claim seeking the proceeds by virtue of the provision of a judgment of divorce previously entered between the deceased and his wife. On November 20, 1974, a motion for summary judgment was granted on defendant's cross-claim and plaintiff appeals.

The pertinent facts are as follows: On September 1, 1965, defendant Thomas's parents, Joseph and Alice Thomas, were divorced pursuant to a judgment granted by Judge William J. Beer who is also the trial judge in the instant case. One section of the divorce judgment provides:

"It is further ordered and adjudged that the defendant [Joseph Thomas, deceased] shall keep and maintain as beneficiary, the existing life insurance policy on his life, the minor child of the parties hereto."

It is conceded that defendant, Linda Thomas, is the minor child referred to in the judgment and the trial judge interpreted the above section:

"I do not consider it part of a property settlement. It is labeled separately under article 8, 'Child beneficiary

of insurance.' Then it reads, 'It is further ordered and adjudged that the defendant shall keep and maintain as beneficiary the existing life insurance policy on his life, to the minor child of the parties hereto.' And, I hold further that, using the term 'child beneficiary or minor child' in themselves, did not free him from the responsibility of seeking court approval before changing this beneficiary.

"I hold further, that the child herself, even though she would become an adult had, under the laws of insurance, an interest in this policy. She had been told by a judgment order of this court entered into by her father that the insurance policy would be kept and maintained for her as beneficiary. He never sought to change this judgment order, and I think it is final and controlling."

Following the entry of the judgment of divorce, the deceased, on September 16, 1965, changed the beneficiary on his John Hancock Certificate of Insurance No. 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, issued pursuant to Group Policy No. 17 GCC, from his former wife, Alice, to his minor daughter, Linda, defendant herein, who at that time was 14 years old. She was 21 years old when her father changed the beneficiary from Linda Thomas, daughter, to Elizabeth Smith, sister, on June 10, 1972, and then died the following month.

Defendant Thomas's cross-claim, in addition to asserting that the deceased was prohibited by the terms of the judgment of divorce from designating anyone other than herself as beneficiary, also claimed that her deceased father's designation of plaintiff as beneficiary was void because of mental incapacity and undue influence.

MCLA 552.17a; MSA 25.97(1) confers jurisdiction on a court with respect to the custody and/or support of any child of the parties until such child attains the age of 18 or beyond that age in case of

exceptional circumstances[1]. See *Price v Price,* 395 Mich 6; 232 NW2d 630 (1975). As this Court stated in *Gray v Independent Liberty Life Insurance Co,* 57 Mich App 590, 594; 226 NW2d 574 (1975):

"We agree with the trial court that the language of the divorce judgment relative to insurance is not ambiguous. However, we read that language to mean that Mr. Dempsey was to maintain the insurance with his children as beneficiaries for so long as he was obligated to pay support for the children under the judgment. If the meaning of that language is not so limited and it is read to mean that Mr. Dempsey was to maintain the life insurance with his children as beneficiaries, the provision would be invalid. In divorce actions, the authority of the court to act is purely statutory, *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962). We find no statute authorizing a trial court to compel a husband and father to maintain insurance on his life for the benefit of his children."

Attacking the authority of the court to make a ruling is not, as defendant Thomas would argue, the same as attacking the ruling of the trial court in the divorce proceedings. *Binben v Continental Casualty Co,* 9 Mich App 97, 100; 155 NW2d 883 (1967).

The trial court's grant of summary judgment is reversed and the cause remanded for trial. Costs to plaintiff, Elizabeth Smith.

---

[1] "The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances, require payment of such allowance for any child after he attains that age. However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination on the merits."