KASPER v METROPOLITAN LIFE INSURANCE COMPANY

Docket No. 63624. Argued June 3, 1980 (Calendar No. 4).—Decided
    December 21, 1981.

Theodore Kasper, Jr., brought an action against Metropolitan
    Life Insurance Company as the named beneficiary in an insur-
    ance policy on the life of the plaintiff's deceased son, Steven
    Kasper. By the terms of a judgment of divorce, Steven Kasper
    was required to keep his minor child, Jason, as the beneficiary
    of the life insurance policy until the child reached the age of 18
    years. Approximately four months after the divorce Steven
    Kasper named his father, the plaintiff, the beneficiary in place
    of his former wife, Norma J. Kasper. The defendant insurance
    company brought a complaint of interpleader against the plain-
    tiff and Norma J. Kasper, as guardian of the minor child,
    admitting its liability and praying that the court determine
    who should receive the benefits. The Saginaw Circuit Court,
    Fred J. Borchard, J., granted the defendant a judgment dis-
    charging its liability and later granted summary judgment for
    the plaintiff for the proceeds. The Court of Appeals, Bashara,
    P.J., and J. H. Gillis and D. C. Riley, JJ., granted peremptory
    reversal for the defendant Norma J. Kasper on the ground that
    the trial court failed to follow a clear precedent of that Court
    in granting the plaintiff's motion for summary judgment
    (Docket No. 44475). Plaintiff appeals.

In separate opinions by Justices Moody, Ryan, and Fitzger-
    ald, the Supreme Court *held:*

A property settlement agreed to by the parties to a divorce is
    enforceable even though the circuit court cannot order a party

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 906.
[2, 4-6, 12, 13] 24 Am Jur 2d, Divorce and Separation §§ 919, 920.
[3] 24 Am Jur 2d, Divorce and Separation § 481.
[5] 73 Am Jur 2d, Summary Judgment § 26.
[7] 24 Am Jur 2d, Divorce and Separation § 241.
[8] 24 Am Jur 2d, Divorce and Separation § 883.
[9] 24 Am Jur 2d, Divorce and Separation §§ 736-738.
[10] 24 Am Jur 2d, Divorce and Separation §§ 896, 897.
[11] 24 Am Jur 2d, Divorce and Separation §§ 907, 908.

to the divorce to convey property to a third party. In this case it is unclear whether the contested provision of the divorce judgment was the result of an agreement between the parties or was imposed by the trial court, and the matter is remanded for further proceedings.

Justice Moody, joined by Chief Justice Coleman and Justice Williams, wrote that a property settlement agreed to by the parties to a divorce may contain provisions which a court would not otherwise have the power to compel them to perform. If the contested provision of the judgment was the result of an agreement between the parties to the divorce, the obligation of Steven Kasper to maintain his minor son as a beneficiary would be enforceable. The judgment of divorce indicates that Norma J. Kasper may have bargained away other property interests in exchange for that obligation, and that Steven Kasper and his attorney had approved the judgment. Furthermore, it would be improper in this case to allow a collateral attack upon a judgment of divorce after all the benefits obtained under it were fully accepted. The manner by which the parties reach a property settlement and the form of the agreement should not determine its validity. However, the record in this case is not sufficient to decide, as a matter of law, that the parties agreed to include the clause which is at issue in the judgment. Therefore, the case is remanded to the trial court for determination whether the parties to the divorce agreed to the contested provision and to its inclusion in the judgment of divorce.

Justice Ryan, concurring in remanding the case, agreed that it is unclear whether the contested provision of the judgment was the result of an agreement between the parties. Because there is a genuine issue concerning that fact, summary judgment was improper, but he would set it aside without the essentially advisory explications of Justice Moody's opinion.

Justice Fitzgerald agreed with Justice Moody that the obligation undertaken by Steven Kasper is enforceable. The contested provision of the judgment of divorce reflects a valid agreement of the parties and the decision of the Court of Appeals should be affirmed.

1. Parties to a divorce may agree on a property settlement, and in the absence of fraud, duress or mutual mistake, they are bound by it. Divorce does not eliminate the continuing duty of parents to support their children during their minority. Although the circuit court cannot order a party to a divorce proceeding to convey property to a third party, to award the proceeds of the insurance policy to the plaintiff in this case

violates the intent of a validly drawn judgment of divorce to which the parties agreed. The provisions of the judgment show an intent to provide continued support for the child until his maturity by keeping him as a beneficiary of the life insurance policy until the age of 18. That he was not made an irrevocable beneficiary implies that the primary consideration was the desire of his parents to provide for his maintenance and support in the event of his father's death; it also weakens the argument of the plaintiff in this case that the contested provision of the judgment constitutes an impermissible award of marital property to a third party.

2. Norma Kasper may have bargained away other property interests in exchange for the agreement to maintain the child as the beneficiary of the life insurance policy, and to allow a collateral attack on a judgment of divorce after all the benefits obtained under it are fully accepted would be improper. To deny the child the insurance proceeds because the record reveals no proof of an independent agreement between Steven and Norma Kasper is to elevate form over substance and to impermissibly disregard a validly created and enforceable judgment.

Justice Kavanagh, joined by Justice Levin, dissenting, would hold that while the judgment of divorce required that the child be the beneficiary, the circuit court was without power to order such a distribution in the judgment of divorce and proof of an agreement to do so must be made aliunde the judgment. When marital property is to be distributed to a third party it must be done by an agreement independent of the divorce proceedings, which are limited to the statutory grant of authority.

1. A circuit court presiding over divorce matters does not wield general powers of equity but is limited to the powers specifically granted by statute. There is no statutory authority to distribute marital property to children or other third parties. However, a court cannot ignore or destroy valid encumbrances on marital property, nor can it distribute property which has been validly conveyed by the parties, or one of them, before the judgment of divorce.

2. Agreements between married persons to distribute property pending a divorce or legal separation are valid as long as they do not offend public policy by encouraging a breakdown of the marriage and are free from fraud and coercion. Property settlement agreements may be incorporated into a judgment of divorce to distribute marital property to a non-party in a manner which the court would not have the power to order on its own motion. However, a distribution of marital property to

third parties cannot depend on the judgment of divorce. The interest which inures to the benefit of the third party is not created by the judgment of divorce but by the agreement of the parties, and actions to enforce such provisions must be at law on the contract. In this case, the record shows no independent agreement between Steven and Norma Kasper requiring Steven to maintain their son as beneficiary of the life insurance policy.

OPINION BY BLAIR MOODY, JR., J.

1. DIVORCE — PROPERTY SETTLEMENT — JURISDICTION.

A property settlement in a judgment of divorce agreed to by the parties to it may contain provisions which a court would not otherwise have the power to compel them to perform.

2. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES — LIFE INSURANCE.

A provision of a judgment of divorce requiring the husband to maintain the minor child of the parties as the beneficiary of a life insurance policy until the child is 18 years of age, if it was the result of an agreement between the parties to the divorce, is enforceable by the child.

3. DIVORCE — PROPERTY SETTLEMENT — JUDGMENT — COLLATERAL ATTACK.

A party to a divorce who has entered into a property settlement may not collaterally attack the judgment of divorce after all the benefits obtained under it have been fully accepted.

4. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES — LIFE INSURANCE.

An action to determine whether a provision of a judgment of divorce requiring the husband to keep the child of the parties as named beneficiary of a life insurance policy until the age of 18 should be enforced must be remanded to the trial court to determine whether the parties agreed to the contested provision where that is unclear from the record.

CONCURRING OPINION BY RYAN, J.

5. DIVORCE — PROPERTY SETTLEMENT — LIFE INSURANCE — SUMMARY JUDGMENT.

*Summary judgment for a plaintiff named beneficiary in an action on an insurance policy on the life of the plaintiff's deceased son was improper where there was a genuine issue of material fact whether a provision of a judgment of divorce requiring the*

*decedent to maintain his minor child as the beneficiary of the policy until the child became 18 years of age was the result of an agreement between the parties to the divorce (GCR 1963, 117.2[3]).*

CONCURRING OPINION BY FITZGERALD, J.

See headnotes 1-3.

6. DIVORCE — PROPERTY SETTLEMENT — LIFE INSURANCE — PARENT AND CHILD.

*A provision of a judgment of divorce requiring the husband to maintain the minor child of the parties as the beneficiary of a life insurance policy is enforceable where the parties agreed to the provision and where the provisions of the judgment show an intent to provide continued support for the child by keeping him as beneficiary of the life insurance policy until the age of 18.*

DISSENTING OPINION BY KAVANAGH, J.

7. DIVORCE — JURISDICTION — STATUTES.

*A circuit court presiding over divorce matters does not wield general powers of equity but is limited to the powers specifically granted by statute.*

8. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES — STATUTES.

*There is no statutory authority for the circuit court to award marital property to anyone but the parties to the divorce.*

9. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES.

*A circuit court distributing marital property in a judgment of divorce cannot ignore or destroy valid encumbrances on the property which favor third parties, nor can it distribute property which has been validly conveyed by the parties, or one of them, before the judgment of divorce.*

10. DIVORCE — PROPERTY SETTLEMENT — MARITAL PROPERTY — HUSBAND AND WIFE.

*Agreements between married persons to distribute marital property pending a divorce or legal separation are valid as long as they do not offend public policy by encouraging a breakdown of the marriage and are free from fraud and coercion.*

11. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES.

*Marital property may be distributed to third parties by a property settlement agreement which is incorporated into a judgment of divorce, but such incorporation renders that part of the*

*judgment a consent judgment, and the agreement between the parties speaks, not the court.*

12. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES.

*A distribution of marital property to third parties cannot depend on the judgment of divorce; proof of an agreement creating the interest of the third party must be made independently of the judgment of divorce.*

13. DIVORCE — PROPERTY SETTLEMENT — THIRD PARTIES — LIFE INSURANCE.

*A provision of a judgment of divorce requiring the husband to maintain the minor child of the parties as the beneficiary of a life insurance policy on the husband's life until the child is 18 years of age is void and unenforceable by the child where there is no evidence in the record that the insurance provision was included in the judgment as a result of an independent agreement between the parties to the divorce.*

*Irwin F. Hauffe, II,* for Theodore Kasper, Jr.

*Trogan & Trogan, P.C.,* for Norma J. Kasper.

BLAIR MOODY, JR., J. *(for affirmance and remand).* This case involves the question of whether a provision in a judgment of divorce, which purportedly reflects an oral property settlement agreement that obligates one party to maintain a minor child as the beneficiary of a life insurance policy, may be enforced.

The trial court concluded that such a provision exceeded the statutory authority of the court and therefore declined to enforce it. The Court of Appeals reversed by peremptory order predicated upon the "clear precedent" of *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979), *lv den* 406 Mich 1003 (1979). This Court granted leave to appeal directing the parties to "include among the issues to be briefed: whether a term in a divorce judgment, voluntarily agreed to by the husband, requiring him to maintain his minor son as the

beneficiary of his life insurance policy, is enforce-
able by the son". 407 Mich 948 (1979).

It is undisputed that Steven and Norma Jean
Kasper had a right to enter into a property settle-
ment agreement to resolve their differences pend-
ing a divorce proceeding. This purported agree-
ment was confirmed by the court as a part of the
divorce judgment. It has been recognized that a
court may not compel one party to a divorce
proceeding, *i.e.,* Steven Kasper, to convey property
to a third person, *i.e.,* his son. However, a property
agreement may contain provisions which a court
may not otherwise have the power to compel the
parties to perform. We hold that predicated on an
agreement, rather than the court's separate power
to adjudicate, the obligation of Steven Kasper to
maintain his minor son as a beneficiary on a life
insurance policy would be enforceable. The judg-
ment of divorce indicates that Norma Jean Kasper
may have bargained away other property interests
in exchange for that obligation. Furthermore, it
would be improper in this case to allow a collat-
eral attack upon a divorce judgment after all
benefits obtained under it were fully accepted.

As it is unclear whether the contested provision
of the judgment was the result of an agreement
between the parties or was imposed by the trial
court, the matter is remanded for further proceed-
ings not inconsistent with this opinion.

I

Steven and Norma Jean Kasper had one child,
Jason Craig Kasper, during the course of their
marriage. The marriage was dissolved by a judg-
ment of divorce on November 26, 1976.

The pertinent sections of the judgment are as follows:

### "JUDGMENT OF DIVORCE

\* \* \*

"This cause came on to be heard upon the pleadings filed therein, *upon stipulation between the parties* by their respective attorneys, that the plaintiff may take her proofs on the complaint as filed and the proofs having been taken in open court, on reading the complaint and hearing proofs from which it satisfactorily appears to this court that the material allegations charged in such complaint are true; and the court having jurisdiction of the parties, and being advised in the premises. [Emphasis added.]

"Now, therefore, on motion of Nicholas R. Trogan, III, P.C., attorney for the plaintiff, the court does order and adjudge as follows:

\* \* \*

### "ALIMONY

"That no alimony, temporary or permanent be awarded to the plaintiff.

\* \* \*

### "SUPPORT AND MAINTENANCE PAYMENTS

"The defendant shall pay to the plaintiff, through the office of the Saginaw County Friend of the Court, for the support and maintenance of the minor child, Jason Craig Kasper, the sum of forty-five ($45.00) dollars per week, commencing on Monday, November 8, 1976, until he attains the age of eighteen (18) or graduates from high school, whichever is the later.

\* \* \*

### "PROPERTY SETTLEMENT

"It is further ordered and adjudged that the plaintiff shall receive the Magnavox stereo and that the defendant shall repair said Magnavox stereo or pay fifty ($50.00) dollars toward the repair of said Magnavox stereo, whichever is less.

"It is further ordered and adjudged that the defendant shall receive all right, title and interest in and to

the trailer owned by the parties located at 2821 E. Anita, Saginaw, Michigan, and the plaintiff shall forthwith assign and transfer all of her right, title and interest in and to said trailer. Defendant shall assume all indebtedness owing on said trailer.

"It is further ordered and adjudged between the parties that the defendant shall keep the minor child of the parties as the beneficiary on his presently existing insurance policy with Metropolitan Life until the minor child reaches the age of eighteen (18) years.

"It is further ordered and adjudged that the parties shall file their own separate income tax return for the year 1976.

"It is further ordered and adjudged that each of the parties shall receive absolutely all of their personal property now in their respective possession and shall thereafter hold the same free and clear from any claim on behalf of the other party.

### "INSURANCE

"It is further ordered and adjudged between the parties that neither shall hereafter have any right, title or interest in or to the insurance upon the life of the other, except as herein previously indicated; and that in any and all other insurance policies, each of them shall be entitled to change the beneficiary to said insurance upon their respective lives, or other *[sic]* to deal with or dispose of the same without interference of the other of them."

Below the signature of the trial judge on the judgment appears the following:

"Approved:
"Friend of the Court
"*(s) Steven Craig Kasper,* Defendant
"*(s) Robert J. Moskal,* Attorney for Defendant".

In addition, a letter from the attorney for Steven Kasper dated November 17, 1976, was submitted by the appellant to the trial court. The letter states in part:

"Enclosed herewith is the proposed judgment of divorce in the above, which Mr. Kasper and I have approved. I trust that you will have the judgment approved by the Friend of the Court and signed by Judge McDonald at your earliest convenience."

After the judgment of divorce, Steven Kasper, contrary to that judgment, changed the beneficiary on his insurance policy with Metropolitan Life Insurance Company from Norma Kasper, his former wife, to his father, Theodore Kasper, Jr. On July 10, 1977, Steven Kasper died as a result of a motorcycle accident. Thereafter, Norma Kasper was appointed guardian of the estate of her son.

On February 21, 1978, Theodore Kasper, Jr., brought suit against Metropolitan Life Insurance Company seeking payment under the policy issued by Metropolitan Life. Metropolitan Life Insurance Company answered and filed a complaint of interpleader naming as defendants Norma Kasper, guardian of Jason Kasper, and Theodore Kasper, Jr. The insurance company admitted liability for ordinary and accidental death benefits arising out of the death of Steven Kasper and requested that the court determine the proper recipient of the policy funds. Metropolitan Life was discharged from liability.

Theodore Kasper, Jr., filed a motion for summary judgment based upon GCR 1963, 117.2(3), claiming that there was no genuine issue as to any material fact and that judgment in his favor as a matter of law was proper. Norma Kasper also filed a motion alleging that there was no genuine issue as to any material fact and that the claim of Theodore Kasper, Jr., was barred by the judgment of divorce. See GCR 1963, 117.2(3) and 116.1(5).

The trial court granted Theodore Kasper, Jr.'s motion and awarded the proceeds to him, the

designated beneficiary. Norma Kasper's motion was denied. The trial court determined that the provision in the judgment of divorce designating Jason Kasper as beneficiary exceeded the statutory authority of the court. The Court of Appeals reversed.

It is the position of the appellant, Theodore Kasper, Jr., that, except as otherwise indicated in the specific insurance provision of the judgment of divorce, either party could freely change the beneficiary on any insurance contract. He bases his argument on the statute regarding the disposition of insurance proceeds in divorce cases[1] and the insurance provisions contained in the judgment. Theodore Kasper, Jr., claims that jurisdiction in divorce proceedings is strictly statutory and that this Court has no authority to enter a judgment that allows an award of property to third parties including making a minor child of the parties a beneficiary of an insurance policy. He relies upon a string of cases, the most significant of which include: *Maslen v Anderson,* 163 Mich 477; 128 NW 723 (1910), overruled in part by *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949), *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951), *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962), and *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970).

The appellee, Norma Kasper, on behalf of her

[1] MCL 552.101; MSA 25.131 states in part:

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, and *unless otherwise ordered in said decree* such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate." (Emphasis added.)

son, points to a different line of case law. It is her contention that the parties to a divorce proceeding have a right to make a property settlement agreement and be bound thereby. She urges that a court has jurisdiction and may confirm a judgment which includes provisions in the agreement which the court could not otherwise compel. She claims that the provision requiring Steven Kasper to designate their son as beneficiary resulted from an agreement covering all property interests. The agreement was specifically approved by Mr. Kasper as reflected by his stipulation that she proceed without opposition to take the divorce and by his signature on the judgment. She relies on *West v West,* 241 Mich 679; 217 NW 924 (1928), *Newton v Security National Bank of Battle Creek, supra, Flynn v Flynn,* 634 (BLACK, J., dissenting), *Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972), and *Krueger v Krueger, supra.*

## II

In order to place this controversy in proper perspective, it is necessary to trace the history of the pertinent appellate determinations of this jurisdiction. As it will unfold, there are two distinct lines of authority, which for the most part are reconcilable.

The first of these decisions is *Maslen.* The plaintiff, executor of the estate of Andrew Anderson, brought suit, attacking a divorce decree between Anderson and his ex-wife, for the purpose of sequestering additional assets of the estate. The Court found that Andrew Anderson had knowledge of and orally consented to the terms of the decree and that it was entered into with the consent of both parties. It was held that, regardless of Anderson's consent, the portion of the

decree providing for the payment of a stipulated sum to the wife's mother and certain lump sums to the children at their majority, and for the creation of a lien on certain real property to secure such payment, exceeded the jurisdiction of the court and were therefore void.

The *Maslen* Court stated:

"Our statutes give the court power to grant alimony to the wife for the support of herself and minor children, and to give a lien against the property of the husband to secure the payment of the same; but they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof. * * *

"We are satisfied that in divorce proceedings our circuit courts in chancery are courts of limited and special jurisdiction; that they do not proceed according to the course of the common law, and are confined to the authority conferred upon them by statute.

* * *

"It is a recognized doctrine that parties cannot confer jurisdiction over a subject-matter by their consent, upon courts from which the law has withheld it.

* * *

"So we are constrained to hold that, notwithstanding the consent of Anderson, those portions of the decree above pointed out were void and of no effect for want of jurisdiction in the court to make the same. We cannot agree with counsel for appellees that those provisions of the decree alluded to can be sustained as 'family settlements'. There is nothing to show that the said provisions were intended to operate as 'family settlements', and that fact is negatived by the will of Andrew Anderson, which appears in this record, showing that he made subsequent provisions for these children. Neither can a family settlement, such as is here claimed, be made in a divorce proceeding." 163 Mich 481-482, 484.

The reasoning set forth in *Maslen* establishes

the foundation for the claim asserted by Theodore Kasper, Jr., in the instant case. Although certain principles were reiterated in intervening cases, it was not until this Court decided *Newton* that the effect of a property settlement agreement upon a court's jurisdiction to approve a divorce judgment was again specifically addressed.

In the meantime, this Court in *West,* apparently contrary to its determination in *Maslen,* clearly recognized that the parties to a divorce proceeding may enter into and be bound by a property settlement agreement:

"In this State, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby." *West,* 683.

At the same time the Court acknowledged that the parties cannot take from the court the power to decree maintenance of a child.

Then *Newton* was decided. This Court first distinguished and then expressly overruled salient parts of the *Maslen* opinion. The facts of *Newton* are somewhat involved but require full explication to grasp the import of the case.

Plaintiff William F. Newton married defendant Frances Newton in 1917. They had a son, William H. Newton. Frances Newton filed a bill for divorce. While the divorce suit was pending, the parties executed a stipulation and written property settlement agreement. The agreement provided that one-third of the husband's property should be retained by him, one-third transferred to the wife and the remaining one-third transferred to a trustee to be held for the son for his support until he reached 21. Thereafter, the income was to be paid directly to the son until he attained the age

of 30, at which time he would receive the principal. A default of the husband was entered in the divorce action and a decree was entered approving the property settlement agreement and incorporating it in the decree. Both parties signed a consent at the foot of the decree. By the terms of the agreement and the decree, Frances Newton gave up all her rights to the property of her former husband.

The *Newton* case commenced over 27 years later. The ex-husband, William F. Newton, challenged the validity of the provisions of the divorce decree providing a trust for his son. As stated in *Newton:*

" 'The plaintiff contends that the court sitting in the divorce case of *Newton v Newton* had no jurisdiction over the subject matter, so as to give it power to establish the so-called trust of plaintiff's property, distributable to his son after reaching the age of majority. That power and jurisdiction cannot be conferred by consent. That said portions of the decree, seeking to convey plaintiff's property to the son after the age of majority, are absolutely null and void and may be attacked collaterally.' " 324 Mich 349.

The plaintiff attempted to rely upon *Maslen.* However, the *Newton* Court disagreed. First, it distinguished the facts:

"Plaintiff claims that *[Maslen]* is on all fours with the case at bar and controls here. However, the situation in that case does not support the claim. The defendant did not enter an appearance, there was no property settlement or agreement entered into by the parties that was the basis of the decree, and the provisions of the decree had not been completely executed when the action was brought." 324 Mich 352.

Then the Court went on to overrule *Maslen* in pertinent part:

"To the extent that statements in the *Maslen Case* may be considered contrary to the conclusions herein expressed, we now decline to follow the same. Plaintiff seems to proceed upon the theory that the trust in this case was the result of the decree of divorce, and that as such it was in excess of the court's statutory powers. The trust was in reality the result of the property settlement between the parties, which they had a right to make, and which the court had a right to confirm." 324 Mich 353.

As further rationale for the conclusion reached in *Newton,* it was stated:

"William F. Newton retained one-third of his property, of a value of approximately $50,000. The property settlement relieved him of all further claims of Frances W. Newton arising out of the marital relation. He received and retains these benefits.

" 'One who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it.' *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538 [260 NW 908 (1935)].

"In the divorce case alimony was waived. The future care of the child was merged in an outright lump sum sufficient to provide support, education and a start in life; the court, having the child as a ward, approved the arrangement. The trust was created by the acts of the parties, not by the court. The decree provided additional administrative safeguards. These, however, were approved in writing by the parties at the foot of the decree. The transaction was one favored by the law, and the parties expressly adopted it. When said agreement was approved by the court it became binding unless modified by consent of all of the parties." 324 Mich 353-354.

Accordingly, the judgment of the trial court which dismissed the complaint was affirmed.

The principles established in *Newton,* as contrasted with *Maslen,* give the basis for the position of defendant Norma Kasper. She asserts that the parties may enter into a property settlement agreement which transfers property to a child, that the agreement may be confirmed by a court, that a person may not collaterally attack a divorce judgment after a party to the divorce has accepted all the benefits of that judgment, and that she relinquished property interests under the negotiated agreement which was set forth in the judgment.

Thus, the critical distinction between *Maslen* and *Newton* which is determinative in the instant case emerges. In *Maslen,* the focus of the opinion centered on the limited statutory authority conferred upon the courts. The statute gives no power to award property to any person other than one of the parties to the marriage. To this proposition was added the "doctrine that parties cannot confer jurisdiction over a subject-matter by their consent, upon courts from which the law has withheld it". *Maslen,* 482. It would follow, therefore, that any judgment which provides for an award of property to a child is void *ab initio.*

In contrast, the *Newton* Court focused on the agreement reached between the parties rather than the statute. In expressly overruling *Maslen,* the Court concluded, with respect to the issue of jurisdiction, that the trust to which the parties consented, like the purported agreement here to name Jason Kasper as beneficiary of an insurance policy, was "the result of the property settlement between the parties, which they had a right to make, and which the court had a right to con-

firm". *Newton,* 353; *Flynn,* 636 (BLACK, J., dissenting). Added to this holding was the estoppel-like doctrine that "[o]ne who accepts the benefits of a decree of divorce cannot be heard to question the jurisdiction of the court which rendered it". *Jackson City Bank & Trust Co,* 546; *Newton,* 353-354. See also *Norris v Norris,* 342 Mich 83, 87; 69 NW2d 208 (1955), *cert den* 350 US 903 (1955). It follows, therefore, that since the judgment is predicated upon an agreement which the court may confirm rather than the statutory power of the court to compel compliance, it may be enforced.

Several cases which followed *Newton* may be distinguished for the reason that the award of property to a third party was compelled by a court rather than based upon an agreement confirmed by a court. *Rex* is such an example.

The *Rex* Court, citing *Maslen,* held void a provision in a decree which required the husband to establish a trust to include corporate stock and life insurance policies for his three sons. The disposition of this property was mandated by the trial court, which did not possess the statutory authority to require such a distribution of property. "The court cannot decree payment direct to children upon their reaching majority, or even during minority, or create a lien for such payment." *Rex,* 409.

Unlike the instant case, however, the distribution and division of marital property was a contested issue at trial in the *Rex* case. There was no property settlement agreement covering the disputed provision. Furthermore, the husband did not accept the benefits of the judgment, but promptly objected to the court's ruling by appealing to this Court.

*Yedinak* involved a money award in a divorce

judgment to third parties secured by a lien on the marital home. It was urged that "by statements made in court during trial and questions put to witnesses" the subject of the award and lien to third parties became "one for the court's determination". *Yedinak,* 415. Both the award and related lien were held void. But, as in *Rex,* no property settlement was involved. The focus was placed on the lack of a statutory basis for the court to act in such fashion.

After *Newton,* only in *Flynn* was this Court faced with the question of whether to focus solely upon the absence of statutory authority in accordance with *Maslen,* or to recognize the separate force of a property settlement agreement as the foundation to confirm jurisdiction pursuant to *Newton.* The question was resolved in *Flynn* by a one-vote margin.

In *Flynn,* the parties placed on the record an oral stipulation to a proposed property settlement agreement. A portion of the settlement disposed of realty by creating life estates in the parties with remainders to the children. The oral agreement was confirmed by the court and was incorporated into the decree under the "property settlement" provision. Years later the husband challenged that portion of the judgment, claiming that the parties never consented to the provision and that the court exceeded its jurisdiction. The majority opinion, citing *Maslen* and *Rex,* affirmed the trial court finding that there was no authority for disposing of entireties property to persons other than the parties in a divorce case.

That opinion, although mentioning the result in *Newton,* failed to recognize or discuss the critical distinction between the court compelling the property division and the parties assenting to a prop-

erty agreement that is presented for ratification. Nor did the majority opinion acknowledge that *Maslen* was expressly overruled by *Newton.* The dissenting opinion of Justice BLACK in *Flynn* cogently noted that the question of jurisdiction was controlled by *Newton* and asserted that the majority "opinion ignores our settled rule that one who has partaken of the fruits of a divorce decree cannot be heard to question the jurisdiction of the court which rendered it". *Flynn,* 634.

Commentators found it difficult to reconcile *Flynn* with *Newton.* One suggested interpretation developed a logical but artificial distinction:

"What all this means is that if the divorcing parties, however amicably, attempt a property settlement involving awards of property interests to their children, but set forth such agreement only in the stenographic record of the court proceedings and the finally entered judgment, the awards to the children are 'void'. The court is deemed to have 'exceeded its jurisdiction' by entering such a judgment.

"However, the result is valid and enforceable if the same parties desiring the same result sign a written property settlement agreement containing the same provisions for the children, and 30 seconds later walk into the courtroom where the judge grants the divorce after hearing the same settlement placed on the record and incorporates the written agreement into a subsequently entered judgment." VanderKloot, *Divorce Judgment Property Awards to Children,* 54 Mich State Bar J 875, 880 (1975).[2]

Irrespective of this laudable attempt to draw a line, it is apparent that facial technicalities concerning the manner by which parties reach a

---

[2] Another commentator concludes that the property settlement agreement should not be incorporated in the judgment of divorce. Carroll, *Award of Life Insurance Proceeds to a Child in Divorce Actions,* 54 Mich State Bar J 707, 709 (1975).

property settlement agreement and the form of such an agreement should not determine its validity or enforceability.

Although several cases decided by the Court of Appeals have alluded to the instant matter,[3] a recent decision, *Krueger v Krueger, supra,* is squarely on point. The facts in *Krueger* are practically identical with those of the instant case.

The parties in *Krueger,* during the pendency of suit, reached an oral property settlement agreement which was dictated on the record, approved by the court and incorporated in the judgment of divorce. A provision of the agreement required the husband to change the beneficiary on an insurance policy from his wife to their son until he reached the age of 21 years or graduated from college. The agreed-to change was made, but Mr. Krueger subsequently altered the policy to name his mother as

---

[3] See, *e.g., Binben v Continental Casualty Co,* 9 Mich App 97; 155 NW2d 883 (1967) (awarded proceeds of insurance to minor children since purpose of insurance provision was to provide support in the event of death of father); *Snyder v Snyder,* 42 Mich App 573; 202 NW2d 504 (1972) (provision of judgment in a contested divorce case which awarded property directly to children held void); *Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972) (property settlement concerning post-majority support incorporated into divorce judgment held enforceable); *White v Michigan Life Ins Co,* 43 Mich App 653; 204 NW2d 772 (1972) (award of proceeds, limited to amount of insurance in force at time of divorce, effectuated intent of parties to property settlement); *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590; 226 NW2d 574 (1975) (judgment which required father to maintain insurance policies for benefit of children interpreted to mean he must maintain policies for so long as support obligation remained); *Smith v John Hancock Mutual Life Ins Co,* 65 Mich App 193; 237 NW2d 244 (1975) (insurance provision, which was not part of a property settlement, not enforceable after child reaches majority).

When faced with the question of enforceability, courts in other jurisdictions have imposed a constructive trust in order to grant relief. See, *e.g., Perry v Perry,* 484 SW2d 257 (Mo, 1972); *Richards v Richards,* 58 Wis 2d 290; 206 NW2d 134 (1973). See also *McKissick v McKissick,* 93 Nev 139; 560 P2d 1366 (1977); *Simonds v Simonds,* 45 NY2d 233; 408 NYS2d 359; 380 NE2d 189 (1978); *Ridgway v Prudential Ins Co of America,* 419 A2d 1030 (Me, 1980), *rev'd on other grounds sub nom Ridgway v Ridgway,* 454 US 46; 102 S Ct 49; 70 L Ed 2d 39 (1981).

beneficiary. When Krueger died, his mother was the named beneficiary. A petition was filed to enforce the right of the child to the proceeds. The question submitted was whether the judgment incorporating the oral agreement requiring the husband to maintain his son as the beneficiary was enforceable against the named beneficiary. The trial court concluded that it was and the Court of Appeals affirmed.

Recognizing the distinction between the power of a court to compel a property division and the right of a court to confirm a settlement of interests which it would otherwise not make if the case were contested, the *Krueger* Court stated:

> "We have no quarrel with the proposition that the circuit court has no jurisdiction in a divorce case to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate claims of third parties. The Supreme Court has so held on many occasions. See, *e.g., Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706; 63 ALR3d 360 (1970), *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951). Were this an appeal or separate suit by the husband attacking the judgment after such a disposition had been forced on him, we would probably be required to hold in his favor. *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962).
>
> "But, neither of those propositions is applicable here. The Supreme Court has also recognized that the parties in a divorce case may make a settlement of their interests which the court could confirm even if it could not make such a disposition if the case were contested. *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949). In our view, this is what occurred here. The wife took no alimony and the child support was in an amount less than that recommended by the Friend of the Court. She gave up something she was entitled to in exchange for a benefit to her child. Under these circumstances many courts have held that

the agreement embodied in the judgment will be enforced even if the court would have had no power to order the same disposition in a contested case. Anno: *Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child,* 59 ALR3d 9, § 10, p 44. *Cf. Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972) (dealing with post-majority support under an agreement).

"It is also important to note that the person challenging the divorce judgment and the underlying agreement was not a party to it. Under the circumstances it would be improper to allow this divorce settlement to be collaterally attacked after the husband has accepted all the benefits which he could obtain under it, but relieving him of his obligation." 88 Mich App 724-726.[4]

This case is nearly on all fours with *Krueger.* It is claimed that Steven and Norma Kasper voluntarily entered into a negotiated property settlement agreement during the pendency of their divorce proceeding. The agreement allegedly was incorporated in the proposed judgment of divorce. The court approved the judgment upon the stipulation by Steven and the presentation of proofs by Norma.

Assuming the existence of an oral property settlement agreement, we are convinced that based on this contract the court had the jurisdiction to confirm it. The provision requiring the husband to

---

[4] "A divorce court, if it is bound to abide by a valid separation agreement or property settlement, or if not so bound, desires to give effect to the agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court would not, in the absence of an agreement of the parties, have the power to make the decree that results from the incorporation of the agreement or the application of its provisions. It is similarly held that where the court disposes of the property of the parties by stipulation in a manner in which it could not have disposed of the property in an adversary proceeding, the general rule applies that a party who procures or consents to the entry of the decree is estopped to question its validity, especially where he has obtained a benefit from it." 24 Am Jur 2d, Divorce and Separation, § 907, p 1030.

name his son as beneficiary on a certain life insurance policy was created by the acts of the parties, not by the court. The court, having the child as a ward, approved the agreement. By incorporating this arrangement the judgment provided additional administrative safeguards. See *Newton,* 354.

The authority of the court to enforce such an arrangement is further predicated upon our settled rule that one who has partaken of the fruits of a divorce decree cannot be heard to question the jurisdiction of the court which rendered it. *Jackson City Bank & Trust Co,* 546. Norma Kasper apparently gave up any claim for alimony as well as any interest in a "residence-house trailer" owned by the parties as a result of the purported agreement.

The divorce judgment was apparently predicated upon an agreement. This was not a contested case where the court required the provision, or where the provision was promptly and directly contested, and the benefits of the settlement were not accepted.[5]

## III

Artificial lines of distinction as to the form, method or procedure utilized in order to effectuate

---

[5] Theodore Kasper, Jr., appellant, also argues that the judgment does not create a lien. Norma Kasper, appellee, has abandoned any "lien-for-support" argument in this Court. Therefore, we decline to reach the question of whether the judgment of divorce may be interpreted as creating a lien against the insurance policy. MCL 552.27; MSA 25.105 provides in part:

"In all cases where alimony or allowance for the support and education of minor children shall be awarded to either party, the amount thereof shall constitute a lien upon such of the real and personal estate of the adverse party as the court by its judgment shall direct."

For a discussion of this statute see Carroll, fn 2 *supra,* 708-709. *Cf. Binben, Gray,* and *Smith,* fn 3 *supra.*

a property settlement agreement as part of a judgment should be avoided. As long as a valid contractual arrangement is made, inserted in the judgment and confirmed by the court, it should be enforceable.

It is now universally recognized that property settlement agreements may be reached and reflected in several ways. The parties may negotiate over a lengthy period and prepare a detailed written contract prior to or pending a divorce proceeding. The written agreement may be attached to the judgment or incorporated by reference in the judgment in whole or in part. On other occasions property agreements are orally arranged on "the courthouse steps" just prior to or during trial. Often, in such cases, counsel and their clients state on the record what was orally settled. The agreement is then frequently confirmed by the court as set forth and presented in the judgment. Also, upon occasion, the parties orally agree to a property division, reflect their understanding in a proposed judgment and note their approval on the document. This last course was the procedure that Norma Kasper claims occurred in this case.

It is to be noted that Steven Kasper and his lawyer signed the last page of the divorce judgment under the term "approved". In addition, the judgment asserted that the cause was to be heard "upon stipulation between the parties by their respective attorneys, that the plaintiff may take her proofs on the complaint as filed". Furthermore, the file of this case contains a copy of correspondence from Steven Kasper's lawyer noting approval of the proposed judgment.

However, we hesitate to decide, as a matter of law, that the parties did in fact agree to the inserted property settlement provisions and that

the clause requiring the designation of the son as beneficiary was included in the judgment pursuant to an agreement.[6] A transcript of the divorce proceeding is not a part of this record. Additional information may be obtained by way of a hearing to clarify the basis for the inclusion of the contested provision in the judgment.

Accordingly, we affirm the order of the Court of Appeals which reversed the judgment of the trial court. We remand this case to the trial court for determination of whether the parties to the divorce agreed to the contested provision and to its inclusion in the divorce judgment and for further proceedings not inconsistent with this opinion.

Coleman, C.J., and Williams, J., concurred with Blair Moody, Jr., J.

Ryan, J. I agree with my brother Moody that "it is unclear whether the contested provision of the judgment was the result of an agreement between the parties". Indeed, there is a genuine issue concerning that very material fact and for that reason the trial court erred in granting summary judgment in favor of the plaintiff. GCR 1963, 117.2(3).

I would set aside the summary judgment and remand the case to the trial court without the essentially advisory explications to which my colleagues have subscribed.

Fitzgerald, J. I agree with Justice Moody's opinion that the obligation undertaken by Steven Kasper is enforceable. The provision of the judgment of divorce which requires that Steven Kasper

---

[6] The trial court was not directly presented with the question of whether the complained-of provision was inserted into the judgment by agreement of the parties.

keep his minor son Jason as beneficiary of a designated life insurance policy until his son reaches the age of majority reflects a valid agreement of the parties. I would affirm the decision of the Court of Appeals.

Parties to a divorce may agree upon a property settlement and, in the absence of fraud, duress or mutual mistake, be bound thereby. *West v West,* 241 Mich 679; 217 NW 924 (1928); *Kline v Kline,* 92 Mich App 62; 284 NW2d 488 (1979). Divorce does not eliminate the continuing duty of parents to support their children during their minority. This obligation is addressed by various statutory provisions. See MCL 552.16; MSA 25.96 (judgment awarding custody); MCL 552.17a; MSA 25.97(1) (that the court may order either parent to pay such allowance as is deemed proper to support the minor children); MCL 552.27; MSA 25.105 (support and education of minor children; award as lien); MCL 552.251 *et seq.;* MSA 25.171 *et seq.* (Friend of the Court). While acknowledging that the circuit court cannot order a party to a divorce proceeding to convey property to a third party, I believe that to award the insurance proceeds in the instant case to Jason Kasper's grandfather violates the intent of a validly drawn and agreed-upon divorce judgment.

The language of the divorce judgment recognizes the obligation to provide for the minor child until he reaches maturity: 1) support and maintenance payments to continue until age 18 or graduation from high school, whichever is *later,* 2) the requirements that medical insurance be maintained for Jason, and 3) that Steven Kasper keep Jason as beneficiary of the designated life insurance policy until he reaches the age of 18 years.

Several aspects of this arrangement must be

noted. A separate section of the judgment dealing with "insurance" granted the parties to the divorce the right to change beneficiaries and deal with or dispose of life insurance policies, while specifically referring to the Metropolitan Life policy on which Jason was to be kept as beneficiary.

Jason Kasper was very young when his parents were divorced. He was not made an irrevocable beneficiary of the Metropolitan Life policy. Rather, the language clearly states that he be kept as beneficiary only until reaching age 18. This termination date implies that the primary consideration was the parental desire to provide for Jason's maintenance and support in the event of his father's death. The inclusion of a termination date also severely weakens appellant's argument that the provision constitutes an impermissible award of property. See Carroll, *Award of Life Insurance Proceeds to a Child in Divorce Actions,* 54 Mich State Bar J 707 (1975).

I agree with Justice MOODY's conclusions that Norma Jean Kasper may have bargained away other property interests in exchange for Steven Kasper's agreement to maintain Jason as beneficiary, and that to allow a collateral attack upon a divorce judgment after all benefits obtained under it are fully accepted would be improper.

To deny Jason Kasper the insurance proceeds because the record reveals no proof of an independent agreement between Steven and Norma Jean Kasper is to elevate form over substance and to impermissibly disregard a validly created and enforceable judgment. I agree with the Court of Appeals decision in *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979).

KAVANAGH, J. In this case we are asked to

determine the legal significance of a property settlement provision in a divorce judgment which requires one party to keep a child of the parties as beneficiary of a life insurance policy.

On July 27, 1971, Steven Kasper designated his father Theodore Kasper, Jr., beneficiary of the insurance he had on his life pursuant to the group policy Metropolitan Life Insurance Company had issued to Steven's employer, General Motors Corporation.

Steven and Norma Jean Kasper were married on September 27, 1973 and their one son, Jason Craig Kasper, was born April 10, 1974. Steven changed the beneficiary of his life insurance policy from his father to his wife on October 8, 1973. The couple were divorced November 26, 1976 and the divorce judgment contained the following provisions:

### "PROPERTY SETTLEMENT
\* \* \*

"It is further ordered and adjudged between the parties that the defendant shall keep [1] the minor child of the parties as the beneficiary on his presently existing insurance policy with Metropolitan Life until the minor child reaches the age of eighteen (18) years.
\* \* \*

### "INSURANCE

"It is further ordered and adjudged between the parties that neither shall hereafter have any right, title or interest in or to the insurance upon the life of the other, except as herein previously indicated: and that in any and all other insurance policies, each of them shall be entitled to change the beneficiary to said insurance upon their respective lives, or other *[sic]* to deal with or

---

[1] It is worthy of note that the word "keep" is inappropriate since Steven Kasper's minor son was *never* a beneficiary of the life insurance policy in question.

dispose of the same without interference of the other of them."

Notwithstanding the above property settlement provision of the judgment, Steven changed the beneficiary of his life insurance policy from Norma Jean Kasper back to his father, Theodore Kasper, Jr., on March 16, 1977. Steven died July 10, 1977.

Theodore Kasper, Jr., as beneficiary, filed a claim with Metropolitan Life for the proceeds of the life insurance policy. Metropolitan Life filed a complaint of interpleader admitting liability on the policy and paid the proceeds to the court. The interpleader complaint admitted knowledge of the divorce judgment and named as defendants Theodore Kasper, Jr., and Norma Jean Kasper as guardian of Jason Craig Kasper. The trial court granted a summary judgment in favor of Theodore Kasper, Jr. The Court of Appeals granted Norma Jean Kasper's motion for peremptory reversal, relying on *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979).

Theodore Kasper, Jr., appealed to this Court, asserting that a property settlement provision in a divorce judgment requiring one spouse to maintain a child as beneficiary of a life insurance policy is void as exceeding the statutorily limited jurisdiction of a court to distribute marital property between the divorcing parties only. Norma Jean Kasper argues that while a court has no authority on its own to distribute marital property to anyone but the divorcing parties, they may independently agree to do so in a property settlement agreement and the court may incorporate such a property settlement agreement into its judgment. Norma Jean Kasper further argues that by approving the proposed judgment containing the above-quoted property settlement provision, Steven Craig Kas-

per in effect executed a property settlement agreement with her which the court incorporated into its decree. We disagree.

Divorce matters have historically been heard in equity. Because divorce is not a natural or common-law right, however, a court presiding over divorce matters does not wield general equity powers but is limited to those powers specifically granted by statute. *Baugh v Baugh,* 37 Mich 59; 26 Am Rep 495 (1877); *Perkins v Perkins,* 16 Mich 162 (1867); *Peltier v Peltier,* Harr Ch 19 (1836); 24 Am Jur 2d, Divorce & Separation, § 5, p 180. By statute a court is restricted in distributing marital property to the parties only. MCL 552.19; MSA 25.99. The only parties to a divorce suit are the husband and wife—children are not parties. *Baugh v Baugh.* Thus, a court has no authority to distribute marital property to children or other non-parties. *Swiney v Swiney,* 107 Mich 459; 65 NW 287 (1895). However, in distributing marital property a court cannot ignore or destroy valid encumbrances thereon which favor non-parties nor can it distribute property which has already been validly conveyed by the parties or one of them prior to the divorce judgment. *Title & Trust Co v Jaster,* 241 Mich 416; 217 NW 42 (1928).

Agreements between married persons to distribute property pending a divorce or legal separation are valid as long as they do not offend public policy by encouraging a breakdown of the marriage relationship and are free from fraud and coercion. *Owen v Yale,* 75 Mich 256; 42 NW 817 (1889); *Randall v Randall,* 37 Mich 563 (1877). Property settlement agreements may be incorporated into a divorce judgment. Such incorporation, however, renders that portion of the divorce judgment distributing property pursuant to the agree-

ment a consent judgment. *Owen v Yale.* It is only in this manner that a divorce judgment may distribute marital property to a non-party.

When marital property is distributed pursuant to a consent judgment in a manner which the court would not have the power to order on its own motion, neither party can be heard to object. As with any decree distributing property, contempt power may not be utilized to enforce compliance. *Shafer v Shafer,* 257 Mich 372; 241 NW 144 (1932); *Spence v Spence,* 290 Mich 98; 287 NW 393 (1939). Actions for violations of such property settlement provisions of a divorce judgment must be at law on the contract. See *Bartholomae v Stellwagen,* 277 Mich 618; 270 NW 159 (1936), and *Stellwagen v Stellwagen,* 277 Mich 412; 269 NW 216 (1936).

The legitimacy of divorcing parties executing a property settlement agreement and having the court incorporate the agreement into its divorce judgment has been recognized by a century of case law in this state. Several decisions of this Court, however, have held invalid property settlement provisions of a divorce judgment purporting to distribute property to non-parties pursuant to such agreements. *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962); *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951); *Maslen v Anderson,* 163 Mich 477; 128 NW 723 (1910). A close reading of these decisions reveals the divining principle that a distribution of marital property to non-parties cannot depend on the divorce judgment, but must be based on an independent agreement between the parties which may be incorporated into the divorce judgment. The interest which inures to the benefit of the non-party is not created by the divorce judgment, as that would exceed the court's statuto-

rily limited authority, but rather by the agreement between the parties. Thus, proof of such an agreement must be made aliunde the divorce judgment.

In *Maslen v Anderson,* Andrew Anderson orally consented to a property settlement agreement with his wife during the pendency of divorce proceedings between them. The wife was awarded a divorce *pro confesso* and the divorce decree contained the orally agreed upon property settlement provisions which included, *inter alia,* a distribution to their children upon reaching majority and a distribution for the maintenance of the wife's mother—both exceeding the court's statutorily limited distribution power. In an action by the executor of Andrew Anderson's estate to have the above-mentioned duties extinguished this Court held those property settlement provisions of the divorce decree void. The Court reasoned:

"So we are constrained to hold that, notwithstanding the consent of Anderson, those portions of the decree above pointed out were void and of no effect for want of jurisdiction in the court to make the same. We cannot agree with counsel for appellees that those provisions of the decree alluded to can be sustained as 'family settlements.' There is nothing to show that the said provisions were intended to operate as 'family settlements,' and that fact is negatived by the will of Andrew Anderson, which appears in this record, showing that he made subsequent provisions for these children. Neither can a family settlement, such as is here claimed, *be made in a divorce proceeding."* 163 Mich 477, 484 (emphasis added).

In *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949), a husband and wife entered into a property settlement agreement, during the pendency of a divorce

suit, providing that one-third of the property be distributed to the wife, one-third to the husband and one-third in trust for their child who was to take the principal at age 30—the latter distribution being in excess of the court's statutory power. The written property settlement agreement was incorporated into the divorce decree entered in 1920 and accordingly the trust was created and operated for 28 years, when William F. Newton sought to prevent his son from receiving the trust principal by alleging that the trust was created pursuant to an invalid property settlement provision of a divorce decree, citing *Maslen v Anderson.* In upholding the property settlement of the divorce decree the Court reasoned as follows:

"Plaintiff claims that the above case *[Maslen]* is on all fours with the case at bar and controls here. However, the situation in that case does not support the claim. The defendant did not enter an appearance, there was no property settlement or agreement entered into by the parties that was the basis of the decree, and the provisions of the decree had not been completely executed when the action was brought. In the case at bar the defendant William F. Newton appeared in the divorce case and, while he filed no answer, he was represented by a competent attorney throughout the divorce proceedings, including the property settlement agreement. The parties settled their property rights by said agreement which was approved by the court. The provisions setting up a trust for the minor child were included in the property agreement and, after the signing of the decree, the property was turned over to the trustee in accordance with the terms of the agreement and decree. Said trust was set up and *the terms of the agreement as well as the decree entered in pursuance thereof were fully executed before this suit was begun,* with the single exception that the trustee had not turned over to him the minor's property when he became 30 years of age. The purpose of plaintiff's present suit is to prevent the occurrence of that final

event, inasmuch as William Hubbard Newton will become 30 years of age on August 10, 1949.

"In the *Maslen Case, supra,* p 484, it is stated:

" 'There is nothing to show that the said provisions (in the decree) were intended to operate as "family settlements." '

"Therein it differs from an agreement as entered into in the case at bar. To the extent that statements in the *Maslen Case* may be considered contrary to the conclusions herein expressed, we now decline to follow the same. Plaintiff seems to proceed upon the theory that the trust in this case was the result of the decree of divorce, and that as such it was in excess of the court's statutory powers. *The trust was in reality the result of the property settlement between the parties,* which they had a right to make, and which the court had a right to confirm.

\* \* \*

"There might be more merit in plaintiff's suit if it depended solely on the decree. He makes no attempt to excuse his voluntary agreement for the settlement of all his property matters, in the agreement signed by him. He was of full age, and makes no assertion of mental incompetence or duress. He fails to set up any adequate claim of fraud or mistake. The decree as to property matters which he now seeks to repudiate is a consent decree." 324 Mich 344, 352-353, 357 (emphasis added).

In *Maslen v Anderson* there was no proof of a property settlement agreement independent of the divorce decree, nor were the terms of the asserted agreement ever carried out. Thus, there was no proof that the interest of the non-party was created aliunde the divorce decree and the Court correctly held: "Neither can a family settlement, such as is here claimed, *be made in a divorce proceeding."* 163 Mich 477, 484 (emphasis added).

In *Newton v Security National Bank of Battle Creek,* the Court recognized that "[t]he trust was

in reality the result of the property settlement between the parties". 324 Mich 344, 353. Thus, in *Newton* the property came before the court already encumbered by the agreement between the parties to create a trust in favor of a non-party. While the court could not have ordered that same distribution on its own authority it was likewise powerless to destroy the interest of the non-party created by the previously executed agreement between the parties. See *Title & Trust Co v Jaster,* 241 Mich 416; 217 NW 42 (1928). Indeed, the Court candidly admitted: "There might be more merit in plaintiff's suit if it depended solely on the decree." 324 Mich 344, 357.

In *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951), the parties were divorced in 1933 and remarried in 1935 after executing an antenuptial agreement. In 1947 the wife was granted a divorce from bed and board and the divorce decree included a property settlement provision requiring the husband to place corporate stock in trust for their children. The decree was to operate as the trust instrument if the parties failed to execute one. We held that portion of the divorce decree ordering the creation of the trust void as exceeding the statutorily limited jurisdiction of the court and lacking any support independent thereof.

"Cross-plaintiff [wife] cannot go behind the instant decree and rely on the antenuptial agreement for support of the trust, there being no such support in the agreement itself. Conceding that the antenuptial agreement be considered as a property settlement, it does not even remotely provide that the stock in the corporations owned by the plaintiff be placed in a trust fund beyond his control." 331 Mich 399, 410.

*Flynn v Flynn,* 367 Mich 625; 116 NW2d 907

(1962), provides perhaps the most vivid example of the principle involved here. In *Flynn* the parties were divorced in 1951 and the divorce decree ordered that real property owned by them as tenants by the entireties be distributed to them as life tenants with remainders over to their children. In 1961 this provision of the divorce decree was declared invalid on the authority of *Maslen v Anderson.* In reviewing the decision of the trial court we recognized that the record of the 1951 divorce proceedings contained an extensive colloquy between counsel for both parties wherein they stipulated to a distribution of the real property which the court ultimately ordered in the decree. We held that provision of the divorce decree invalid. While there was no doubt as to the parties' intent, the Court recognized the crucial question to be "whether the judge had the authority to decree a life estate to the parties with remainders over to their children." 367 Mich 625, 630. When the divorce court first considered the property it was unencumbered by any interest in favor of the children. The agreement to grant the remainder interests to the children was made on the record during divorce proceedings with the court participating. The court lacked statutory authority to distribute property to the children and the parties could not give the court authority to do so by stipulation. See *Kirkwood v Hoxie,* 95 Mich 62; 54 NW 720 (1893). *Flynn* illustrates that the interest of the non-party must be created before the property is considered by the divorce court.

This Court is not unmindful of the peculiarity of property distribution between divorcing parties. Indeed, many property distribution agreements are literally made on the courthouse steps. Such an arrangement is legitimate as long as the distribution is limited to the parties only because the trial court has the authority to review and ap-

prove property distribution to parties. Today we are merely recognizing that when property is to be distributed to a non-party it must be done pursuant to an agreement independent of the divorce proceedings. When judicial proceedings are involved they are limited to the statutory grant of authority.

In the instant case the record reveals no independent agreement between Steven and Norma Kasper requiring Steven to maintain their son as beneficiary of his life insurance policy. The divorce judgment contains such a requirement in its property settlement provisions but as set forth herein the court was without power to order such a distribution and proof of agreement to do so must be made aliunde the divorce judgment.

In *Baugh v Baugh,* 37 Mich 59, 62 (1877), Justice CAMPBELL noted the following, which is equally cogent today:

"It is expected of all divorce courts that they will be vigilant in examining the circumstances of all cases before them, and not allow any decree without a full scrutiny. The means furnished for this purpose are adequate for most cases. In the best circumstances justice will sometimes miscarry, but this is not peculiar to divorce cases, and it will not do to resort to unauthorized measures to redress legal misfortunes or wrongs. It would not be desirable, in order to get rid of some unjust judgments, to destroy the force of judgments generally, and allow them to be attacked by third parties where the legal rules which have been established to determine their effect have not permitted it."

The order of the Court of Appeals is reversed and the judgment of the trial court reinstated. We hereby expressly disapprove of *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979).

LEVIN, J., concurred with KAVANAGH, J.